1  TORIN A. DORROS, SBN 191228
   tdorros@dorroslaw.com
2  **DORROS LAW**
   11766 Wilshire Boulevard, Suite 1170
3  Los Angeles, California 90025
   Telephone: (310) 997-2050
4  Facsimile:  (310) 496-1320

5
   D. JUSTIN HARELIK, SBN 236710
6  Justin@westgatelaw.com
   **WESTGATE LAW**
7  15760 Ventura Boulevard, Suite 1100
   Encino, California 91436
8  Telephone: (818) 200-1495
   Facsimile: (818) 574-6022
9
   *Attorneys for Plaintiffs,*
10 *CHRISTLYN MCKAY, RONALD E. ROGERS, JR.,*
   *and CANDACE HOLLINGER-ROGERS*
11
                **UNITED STATES DISTRICT COURT**
12
                **CENTRAL DISTRICT OF CALIFORNIA**
13
14 CHRISTLYN MCKAY, RONALD E.
   ROGERS, JR., and CANDACE            Case No.:  _____
   HOLLINGER-ROGERS, each
15 individually and each upon behalf of   Judge:  _____
   those similarly situated,
16
        Plaintiff,                      **CLASS ACTION COMPLAINT**
17
        vs.                              **JURY TRIAL DEMANDED**
18
19 JPMORGAN CHASE BANK, N.A.,
   CHASE AUTO FINANCE, KEY
20 AUTO RECOVERY, and DOES 1
   through 10,
21
        Defendants.
22

23

24      Plaintiffs  CHRISTLYN  MCKAY,  RONALD  E.  ROGERS,  JR.,  and

25 CANDACE HOLLINGER-ROGERS, each individually and each upon behalf of

26 those similarly situated, ("Plaintiffs"), by and through their counsel of record allege

27 and complain as against Defendants JPMORGAN CHASE BANK, N.A. and CHASE

28 AUTO FINANCE (collectively "Chase"), Defendant, KEY AUTO RECOVERY

("Key Auto"), and Doe Defendants 1 through 10 (all Defendants may collectively be referred to herein as "Defendants").

## I.    INTRODUCTION

1.    At approximately 7:00 a.m. on February 17, 2015, at the instruction of Defendants repossessed Plaintiffs vehicle.

2.    Key Auto illegally, and in breach of the peace, forcefully broke into Plaintiff's home (specifically the garage), which at the time of the illegal repossession had been closed and locked.

3.    After illegally breaking and entering Plaintiff's premises/garage, Key Auto wrongfully took Plaintiff's vehicle, claiming Key Auto did so as part of a repossession requested by Chase.

4.    As part of the alleged repossession process, Key Auto took certain items of Plaintiffs' personal property such as a mobile phone, headphones, personal documents, jewelry, and otherwise.

5.    Although Plaintiffs dispute whether Plaintiffs were in default and/or the amount, if any, that was owed by Plaintiffs to Defendants, Plaintiffs nevertheless paid in full all amounts demanded by Defendants to be able to obtain the release of Plaintiffs' vehicle and personal property.

6.    Defendants only released Plaintiffs' personal property to Plaintiffs after Plaintiffs agreed to, and did execute, a document which Defendants now allegedly contend constitutes a waiver of Plaintiffs' right to contend that certain personal property was not returned.

7.    Moreover, Defendants wrongfully demanded that Plaintiffs execute a release to obtain the return of their vehicle and upon Plaintiffs' refusal to execute the release refused to turn over Plaintiffs' to Plaintiffs even though Defendants had received payment in full for all amounts claimed by Defendants to be owed or necessary to obtain the release of Plaintiffs' vehicle.

**CLASS ACTION COMPLAINT**

8.     In correspondence, Defendants have represented that the type of actions and conduct in which Defendants engaged relative to the alleged repossession and return of Plaintiffs' vehicle and personal property are the "policy" of Defendants, i.e. the common and/or standard practice for Defendants relative to repossession and release of vehicles and personal property.

## II.     PARTIES

9.     Plaintiff, CHRISTLYN MCKAY is an individual who currently resides within the State of California, County of Los Angeles.

10.     Plaintiff, RONALD E. ROGERS, JR. is an individual who currently resides within the State of California, County of Los Angeles.

11.     Plaintiff, CANDACE HOLLINGER-ROGERS is an individual who currently resides within the State of California, County of Los Angeles.

12.     The number of plaintiff class members is too numerous to practically join herein.

13.     Defendant, JPMORGAN CHASE BANK, N.A. ("JPMorgan") is a national banking association with its place of citizenship in the State of Ohio and specifically with a national charter listed address of 1111 Polaris Parkway Columbus, OH 43240.

14.     Upon information and belief, Defendant, CHASE AUTO FINANCE ("Chase Auto") is an automotive finance subsidiary, department, or business of JPMorgan.  The type of legal entity for Chase Auto, if any, is unclear.  JPMorgan's public information does not indicate whether Chase Auto is a separately formed legal entity and public records do not reflect an active separate legal entity under such name.  Upon information and belief, Chase Auto's primary addresses are in the States of Texas and Florida.

15.     Upon information and belief, Defendant, KEY AUTO RECOVERY is a domestic California corporation with a recorded principal place of business of 13726

**CLASS ACTION COMPLAINT**

Saticoy Street, Van Nuys, CA 91402.[1]

16.   On information and belief, and based thereon, Plaintiffs allege that Defendants Does 1-10, whose names and identities are currently unknown to Plaintiffs, are individuals and businesses who/which have engaged in and/or are responsible for the acts which are described below.   Plaintiffs will amend this complaint to identify these individuals and entities by their true names as they become known.

17.   On information and belief, and based thereon, Plaintiffs allege that at all times herein relevant, there existed a relationship between and among all of the Defendants and each of them in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant, aider and abettor, and/or principal and conspirator and each and every action of the Defendants was carried out within the course and scope of such relationship and was authorized and/or ratified.

## III.   JURISDICTION AND VENUE

18.   This case arises out of Defendants' illegal and wrongful repossession of Plaintiffs' vehicle and subsequent wrongful conduct resulting in significant damages and giving rise to, among other claims, claims for violation of the Federal Fair Debt Collection Practices Act, Federal Declaratory Judgment Act, California Rosenthal Fair Debt Collection Practices Act, California Rees Levering Act, the Federal Class Action Fairness Act, among other claims.

19.   This Court properly has jurisdiction pursuant to 28 U.S.C. §§ 1331 as the action involves a federal question in that the action involves claims arising under federal statute, including, without limitation, the Federal Fair Debt Collection

---

[1] Although Key Auto's correspondence and other documents such as insurance and bonding documents included on its website reflect the use of "Inc." in the company name, the California Secretary of State Business Entity Search site does not reflect the use of "Inc."   See http://kepler.sos.ca.gov "Entity Name:      KEY   AUTO   RECOVERY;   Entity   Number: C0468874."  Plaintiffs believe the corporations are the same.

**CLASS ACTION COMPLAINT**

Practices Act (FDCPA) - 15 U.S.C. §§ 1692 et. seq.; the Federal Declaratory Judgment Act - 28 U.S.C. §§ 2201-2202; and the Federal Class Action Fairness Act - 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

20.   This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California and within this district, including providing banking/car financing services and repossession services within California and within this district, and other services to California residents.

21.   Venue is proper in the district pursuant to 28 U.S.C. § 1391 on either of the following grounds:  (a) a substantial part of the events giving rise to the instant claim for relief and the subject matter thereof occurred in this district, including, without limitation, that Defendant Chase financed Plaintiffs' vehicle in this district in California, sent documents to Plaintiffs relative to Plaintiffs' vehicle and its financing, payment, and repossession in this district in California, and ordered the repossession of Plaintiffs' vehicle in this district in California and that Defendant Key Auto repossessed Plaintiffs' vehicle in this district in California and engaged in other wrongful conduct toward Plaintiffs in this district in California, and that Defendants' conduct caused significant harm to Plaintiffs while in this district in California; and (b) Defendants are subject to personal jurisdiction in this district.

## IV.   STATEMENT OF FACTS

22.   At approximately 7:00 a.m. on February 17, 2015, at the instruction of Defendants JPMORGAN CHASE BANK, N.A. and CHASE AUTO FINANCE (collectively "Chase"), Defendant, KEY AUTO RECOVERY ("Key Auto"), illegally repossessed Plaintiff CHRISTLYN MCKAY, RONALD E. ROGERS, JR., and CANDACE HOLLINGER-ROGERS' ("Plaintiffs") vehicle.   Collectively all defendants may be referred to herein as "Defendants".

23.   Key Auto, acting at the instruction and as an agent of Chase, illegally,

**CLASS ACTION COMPLAINT**

1  and in breach of the peace, forcefully broke into Plaintiff's home (specifically the
2  garage), which at the time of the illegal repossession had been closed and locked.

3         24.   In fact, the police report regarding the incident reflects that the officer
4  indicated that the property and garage showed signs of a use of a pry tool to pry open
5  the garage to gain entry, which directly caused damage to Plaintiff's garage and
6  property.

7         25.   After illegally breaking and entering Plaintiff's premises/garage, Key
8  Auto wrongfully took Plaintiff's vehicle, claiming Key Auto did so as part of a
9  repossession requested by Chase.

10        26.   As part of the alleged repossession process, Key Auto took certain items
11  of Plaintiffs' personal property such as a mobile phone, headphones, personal
12  documents, jewelry, and otherwise.

13        27.   Subsequent to Defendants' repossession of Plaintiffs' vehicle through
14  Defendants' breach of the peace, Defendants demanded payment from Plaintiffs of
15  allegedly owed monies.  However given the repossession itself was improper and
16  illegal because it was carried out by means of a breach of the peace, Defendants in
17  fact had no lawful right to repossess the vehicle and/or demand any payment from
18  Plaintiffs.

19        28.   Further, although Plaintiffs dispute whether Defendants had any right to
20  repossess Plaintiffs vehicle at all, including whether Plaintiffs were in default and/or
21  the demanded amount, if any, that was owed by Plaintiffs to Defendants, Plaintiffs
22  nevertheless paid in full all amounts demanded by Defendants to be able to obtain the
23  release of Plaintiffs' vehicle and personal property.

24        29.   Indeed, Plaintiffs dispute that Chase a legal basis to initiate the
25  repossession process in the first place.  Plaintiffs had made regular payments on the
26  account and in fact had made a payment directly in person to a Chase teller the day
27  prior to Defendants repossessing the vehicle.  Plaintiff was current on the loan.
28  However, to the extent any monies were allegedly owed to Chase relative to the

1    account such were nothing more than minor late fees, if any, and thus not a justifiable
2    basis to implement a repossession of the vehicle.

3         30.    Defendants only released Plaintiffs' personal property to Plaintiffs after
4    Plaintiffs agreed to, and did execute, a document which Defendants now seem to
5    contend constitutes a waiver of Plaintiffs' right to assert that certain personal property
6    was not returned.

7         31.    Moreover, Defendants wrongfully demanded that Plaintiffs execute a
8    release and waiver of rights to obtain the return of their vehicle.  Indeed, upon
9    Plaintiffs' refusal to execute the release and waiver document, Defendants refused to
10   turn over Plaintiffs' vehicle to Plaintiffs even though Defendants had received
11   payment in full for all amounts claimed by Defendants to be owed or necessary to
12   obtain the release of Plaintiffs' vehicle and property.

13        32.    In correspondence, Defendants have represented that the type of actions
14   and conduct in which Defendants engaged relative to the alleged repossession and
15   return of Plaintiffs' vehicle and personal property are the "policy" of Defendants, i.e.
16   the common and/or standard practice for Defendants relative to repossession and
17   release of vehicles and personal property.

18        33.    Moreover, subsequent to Defendants wrongful repossession of Plaintiffs
19   vehicle, in violation of California Business and Professions Code §§ 7507.9 and
20   7507.10, Defendant Key Auto failed to provide Plaintiff with required notice of the
21   repossession and personal property inventory within the requisite 48 hour notice
22   period.  In fact, Plaintiffs did not receive any notice from Key Auto until more than a
23   week after Key Auto wrongfully repossessed the vehicle.  Plaintiffs have demanded
24   their personal property back and Defendants have refused taking the position both
25   that the document Plaintiffs signed constituted a waiver of any claim to property not
26   listed on the document.  Significantly, Defendant Key Auto has gone so far as to yell
27   in a threatening, assaulting, and menacing fashion at Plaintiffs physically threatening
28   Plaintiffs and stating, "I am glad you will never get any of your f***ing stuff back.

1  F**k You."[2]  To date Defendants have not returned Plaintiffs' property.

2     34.   Plaintiffs made all of the demanded payments to obtain immediate

3  release of Plaintiffs' vehicle.   Chase admitted this by its March 3, 2015

4  correspondence stating, "On February 23, 2014, Ms. Mackay made a payment to

5  satisfy the amount owed to redeem the vehicle and we faxed a release to the vendor."

6     35.   Nevertheless, when Plaintiffs went to Key Auto on February 23, 2015 to

7  collect their vehicle, Defendants demanded that Plaintiffs execute a document that

8  Plaintiffs had no obligation to sign, which included release and waiver language.  As

9  a result of Plaintiffs' refusal to sign such document Defendants illegally refused to

10  release Plaintiffs' vehicle to Plaintiff.   Chase confirmed in that same March 3, 2015

11  correspondence, that Plaintiffs were denied the release of their vehicle even after

12  paying all necessary amounts because Plaintiffs refused to sign the document, stating,

13  "Unfortunately, Ms. McKay refused to sign the vendor release form. As a result, the

14  vehicle was not released to her."

15     36.   Moreover, Chase subsequently admitted that neither Chase nor Key

16  Auto had the right to refuse to release Plaintiffs' vehicle to Plaintiffs once Plaintiffs

17  had paid all amounts demanded by Chase.  In its April 23, 2015 correspondence

18  Chase states, "Key Auto advised [us] of their concerns in releasing the vehicle as Ms.

19  McKay did not want to sign our Involuntary Redemption Release form . . . that we

20  faxed to Key Auto on February 23, 2015. However, we advised Key Auto to make

21  note of Ms. McKay's refusal to sign but that they could not deny allowing her to

22  redeem her vehicle if in fact all monies were paid. As a result, the vehicle was

---

24  [2] Plaintiffs provided Defendants the believed name of the Key Auto employee that assaulted and
threatened Plaintiffs, namely "Albert J".  In an apparent attempt to play games and skirt liability,

25  Defendants took the disingenuous position that Key Auto did not have an employee named "Albert
J.".   However, a search of the California BUREAU OF SECURITY AND INVESTIGATIVE

26  SERVICES licensing search website reveals that Key Auto does in fact have an employee named
"Albert".  Upon information and belief, that employee's name is "Albert Quezada"; License Type:

27  Repossessor Agency – Employee; License Number: 511077;                          see
http://www2.dca.ca.gov/pls/wllpub/WLLQRYNA$LCEV2.QueryView?P_LICENSE_NUMBER=5

28  11077&P_LTE_ID=656  The pronunciation of his last name could easily be misheard when spoken
fast to have the sound "J" and a quickly written "Q" potentially could appear as the letter "Q".

released to Ms. McKay on February 26, 2015."

37.   Moreover, Chase's April 23, 2015 underscores that it is Chase's and Key Auto's policy(s) to require and demand that the Involuntary Release document be executed by the redeeming party even though there is no legal basis for such requirement and/or policy.

38.   Indeed, by both Defendant Chase's March 3, 2015 and April 23, 2015 correspondences, Chase admitted that the wrongful conduct as alleged herein was Defendant Chase's "policy and procedures" as well as "[Chase's] vendor, Key Auto's policy."

39.   Indeed, Chase's correspondence asserted that every aspect of the repossession process was in conformity with the policy and procedures, which would include the manner in which the repossession itself was carried out, the demand for payment after such repossession, requirement that such payment was paid, and the refusal to release the vehicle without Plaintiffs signature on the release documents.

40.   Days after Plaintiffs paid all amounts necessary for reinstatement and release of their vehicle, and only upon Defendants' requiring Plaintiffs to sign and indicate on the release and waiver document that Plaintiffs refused to execute the release and wavier, did Defendants release Plaintiffs' vehicle to Plaintiffs.

41.   However Plaintiffs vehicle was damaged as a result of Defendants' conduct during the course of Defendants' repossession and/or during the period in which the vehicle was in Defendants' possession or control.  Upon information and belief, Key Auto intentionally and/or negligently caused damage to Plaintiff's vehicle.

42.   As a result of Defendants illegal and wrongful conduct, including without limitation, breaking into Plaintiffs home/garage, assaulting Plaintiffs, and otherwise threatening Plaintiffs, Plaintiffs have suffered significant and ongoing damages, as well as severe emotional distress, increased seizures, stress, anxiety, and other non-economic damages.

CLASS ACTION COMPLAINT

1      43.   Defendants wrongful and illegal conduct, including without limitation,

2  Defendants' intentional, willful, and/or wonton conduct, justifies an award of

3  punitive damages in this action.

4

5  ## V.   CLASS ALLEGATIONS

6      44.   Pursuant to applicable law, plaintiff brings this action on behalf of a

7  class of all other persons similarly situated. Plaintiff brings this action in a

8  representative capacity to remedy the ongoing unlawful, unfair and fraudulent

9  business practices alleged herein, and to seek redress on behalf of all those persons

10  who have been affected thereby.

11      45.   Defendants have engaged in a pattern and practice of wrongful and

12  illegal conduct, including without limitation engaging in conduct violating debtors'

13  rights regarding repossession of collateral and the return or turnover of such collateral

14  or personal property taken in conjunction with such repossessions.  Among other

15  wrongful conduct, Defendants have breached the peace in conjunction with such

16  repossessions, subsequently failed to provide, or timely provide, the requisite notices

17  regarding repossessed or taken collateral or personal property, demand payments to

18  which Defendants are not entitled based upon the wrongful nature of the

19  repossession, and/or wrongfully or illegally refused or failed to turn over or release

20  repossessed collateral, such as debtors' vehicles, or personal property, until such time

21  as such debtors execute, sign on, or otherwise acknowledge waiver or release

22  documents not required for the release or turnover of the collateral or personal

23  property.

24      46.   The proposed classes consist of

25          a.  all persons (1) whose vehicle served as collateral under a security

26              agreement entered into primarily for personal, family, or household

27              purposes; and (2) whose vehicle was repossessed in California by Key

28              Auto ("Class I");

**CLASS ACTION COMPLAINT**

b. all persons (1) whose vehicle served as collateral under a security agreement entered into primarily for personal, family, or household purposes; and (2) whose vehicle was repossessed in California by or at the instruction of Chase ("Class II");

c. all persons (1) whose vehicle served as collateral under a security agreement entered into primarily for personal, family, or household purposes; and (2) whose vehicle was repossessed in California by Key Auto at the instruction of Chase ("Class III").

47.    Plaintiff is unable to state the precise number of potential members of the proposed classes because that information is in the possession of Defendants. They are so numerous that joinder of all members would be impracticable. The exact size of the proposed classes, and the identity of the members thereof, will be readily ascertainable from the business records of Defendants.

48.    There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to them that predominate over questions affecting only individual members. These questions, among others, include, inter alia, whether Defendants wrongfully or illegally required class members to execute, acknowledge, or otherwise sign a release or waiver document prior to the repossessed vehicle being returned or turned over to class members; whether Defendants wrongfully or illegally required class members to execute, acknowledge, or otherwise sign a release or waiver document (or document Defendants later claim reflects the class members waiver of right to contend personal property was not turned over) prior to the repossessed personal property being returned or turned over to class members, whether Defendants violated the Federal Fair Debt Collections Practices Act based upon such conduct; whether Defendants violated the Rosenthal Act based upon such conduct; whether Defendants acted in an unfair, unlawful, or fraudulent manner; whether Defendants engaged in unfair completion; and whether Plaintiffs and the class members are entitled to relief sought.

1 | Proof of a common set of facts will establish the liability of Defendants, and the right
2 | of each member of the class to recover.

3 |     49. Plaintiffs' claims are typical of those of the class they represent, and
4 | Plaintiffs will fairly and adequately represent the interests of the class. Plaintiffs are
5 | represented by counsel both competent and experienced to handle this class action
6 | and the subject matter of this class action.

7 |     50. A class action is superior to other methods for the fair and efficient
8 | adjudication of this controversy. Because the damages suffered by the individual
9 | class members may be relatively small compared to the expense and burden of
10 | litigation, it would be impracticable and economically unfeasible for class members
11 | to seek redress individually. The prosecution of separate actions by the individual
12 | class members, even if possible, would create a risk of inconsistent or varying
13 | adjudications with respect to individual class members against Defendants, and
14 | would establish incompatible standards of conduct for Defendants.

15 |     51. Plaintiffs and the class members are entitled to an award of attorney's
16 | fees pursuant to contract, statute, case law, regulation, and/or other legal or equitable
17 | reasons.

18 |

19 | **<u>FIRST CLAIM FOR RELIEF:</u>**     **CONVERSION**
20 | **(Plaintiffs' Individual Claim As Against All Defendants)**

21 |     52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs
22 | as though fully set forth herein.

23 |     53. Under California Commercial Code § 9609(b), California's self-help
24 | repossession statute, a nonjudicial repossession may not be accomplished in breach of
25 | the peace. A breach of the peace eliminates any right to possession of collateral
26 | without judicial process, even if there is a default under the security agreement.
27 | Defendants committed a breach of the peace in conjunction with Defendants'
28 | repossession of Plaintiffs' vehicle by using physical force and breaking and entering,

1  or otherwise entering without permission, Plaintiffs' private, secured, locked
2  premises/garage to gain possession of the vehicle. Defendants therefore did not have
3  a present right to possession of Plaintiffs' vehicle when they repossessed it.

4      54.   Plaintiffs had also made payments to Chase on the account such that
5  Chase did not have a legal basis to repossess the vehicle.

6      55.   Defendants had no right to repossess the vehicle because they breached
7  the peace by among other wrongful acts, breaking and entering into Plaintiffs'
8  property in violation of California Commercial Code § 9609 and the Collateral
9  Recovery Act, Bus. & Prof. Code § 7508.2(d).

10     56.   Plaintiffs were entitled to keep possession of Plaintiffs' vehicle since
11 Defendants were unable to repossess it without committing a breach of the peace.
12 Defendants had no legal right to proceed with the repossession by committing a
13 breach of the peace. Defendants' wrongful repossession of Plaintiffs' vehicle
14 constituted an interference with Plaintiffs' possession and right to possession of
15 Plaintiffs' vehicle, and deprived Plaintiffs of Plaintiffs' right to possess the vehicle.

16     57.   Defendants also converted Plaintiffs personal possessions in the vehicle
17 by failing to timely provide Plaintiffs with an inventory of such property, as required
18 by California Business and Professions Code § 7507.9. or a notice of seizure, as
19 required by Business and Professions Code § 7507.10. Defendants' taking and refusal
20 to return Plaintiffs' personal property in Plaintiffs vehicle, without timely and proper
21 statutory notice, constituted a wrongful taking and conversion of such property.

22     58.   Through Defendants wrongful repossession of Plaintiffs' vehicle and
23 subsequent wrongful refusal to turn over such vehicle and the property taken during
24 such wrongful repossession, Defendants wrongfully exercised control over Plaintiffs'
25 property, including without limitation Plaintiffs' vehicle and Plaintiffs' personal
26 property located in the vehicle at the time of repossession of the vehicle.

27     59.   Plaintiffs had a right to possess such vehicle and property.

28     60.   Defendants intentionally accepted and took possession of such vehicle

**CLASS ACTION COMPLAINT**

1    and property and refused to return the vehicle and have yet to return identified

2    property.  Further, in so doing, Defendants prevented Plaintiff from having access to

3    and possessing such vehicle and property.

4        61.   Plaintiffs did not give permission to Defendants or consented for

5    Defendants to take, hold, and refuse to turn over or release to Plaintiffs, Plaintiffs'

6    vehicle and property.  Plaintiffs further did not give permission or consent for

7    Defendants to interfere with and prevent Plaintiffs receiving the benefit of such

8    property.

9        62.   In fact, Plaintiff is informed and believes, that Defendants also

10   intentionally or recklessly caused damage to Plaintiffs' vehicle prior to ultimately

11   releasing it to Plaintiffs.

12       63.   Moreover, subsequent to Defendants wrongful repossession of Plaintiffs

13   vehicle, in violation of California Business and Professions Code §§ 7507.9 and

14   7507.10, Defendant Key Auto failed to provide Plaintiff with required notice of the

15   repossession and personal property inventory within the requisite 48 hour notice

16   period.  In fact, Plaintiffs did not receive any notice from Key Auto until more than a

17   week after Key Auto wrongfully repossessed the vehicle.  Plaintiffs have demanded

18   their personal property back and Defendants have refused taking the position both

19   that the document Plaintiffs signed constituted a waiver of any claim to property not

20   listed on the document.  Significantly, Defendant Key Auto has gone so far as to yell

21   in a threatening, assaulting, and menacing fashion at Plaintiffs physically threatening

22   Plaintiffs and stating, "I am glad you will never get any of your f***ing stuff back.

23   F**k You."  To date Defendants have not returned Plaintiffs' property.

24       64.   Defendants' wrongful conduct did interfere with Plaintiffs' possession

25   and right to possession of Plaintiffs' vehicle and property.

26       65.   Defendants conduct constitutes acts of conversion.

27       66.   Defendants acted knowingly or intentionally when they wrongfully

28   repossessed Plaintiffs' vehicle and refused or failed to turn over such vehicle and

**CLASS ACTION COMPLAINT**

1   Plaintiffs' property.

2       67.   Moreover, Defendant Chase, converted Plaintiffs' money when it took

3   the money Plaintiffs paid to Chase upon Chase's demand for payment for the release

4   of the vehicle.   Because the repossession was carried out in breach of the peace,

5   Chase had no legal right to demand payment from Plaintiffs and therefore any monies

6   paid by Plaintiffs to Chase in response to such demand for payment were converted

7   by Chase for its own use and to Plaintiffs' detriment.

8       68.   Plaintiffs are entitled to recover damages pursuant to, without limitation,

9   Cal. Com. Code §9625.

10       69.   As a proximate result of Defendants' conduct, Plaintiffs have suffered

11   damages in an amount to be determined according to proof.

12       70.   Defendants' conduct was intentional, knowing, malicious, or wrongful

13   and caused, and was a substantial factor in, Plaintiffs' damages and harm incurred

14   and suffered.

15       71.   Defendants acted with oppression, fraud or malice, thereby entitling

16   Plaintiffs to punitive damages in an amount according to proof.

17       72.   Defendants' corporate officers, directors and/or managing agents are

18   personally guilty of oppression, fraud or malice, had advance knowledge of the

19   unfitness of the employees who acted towards Plaintiffs with malice, oppression, or

20   fraud, employed such employees with conscious disregard for the rights or safety of

21   others, and/or themselves authorized or ratified the wrongful conduct.

22

23   **SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT**

24   **(Plaintiffs' Individual Claim As Against Defendant Chase And Does 1 To 10)**

25       73.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs

26   as though fully set forth herein.

27       74.   Plaintiffs' conditional sales contract (Retail Installment Sale Contract –

28   Simple  Finance  Charge)  between  Plaintiffs  and  Defendants  and  dated  as  of

1  November 29, 2011 is a contract and imposes contractual obligations and duties upon

2  Defendants.

3    75.   Defendants engaged in wrongful conduct and breached Defendants'

4  contractual obligations and duties owed to Plaintiffs under the contract.

5    76.   Such breach of Defendants' contractual obligations and duties

6  constituted a breach of the contract terms, i.e. breach of contract, and resulted in

7  Plaintiffs suffering significant damages and suffering substantial and continuing

8  irreparable harm.

9    77.   In fact, Plaintiff had no real ability to negotiate the terms of the contract

10  as it is a form contract.  Indeed, the contract is a contract of adhesion.

11    78.   As the defendants other than Chase were acting on behalf of Chase

12  and/or were Chase's agents, Chase is liable and responsible for the action of such

13  other defendants.

14    79.   Plaintiffs had made payments on the account sufficient such that Chase

15  should not have repossessed the vehicle.  Under the contract, repossession would only

16  be permissible upon a material default by Plaintiffs.  That did not occur and therefore

17  Defendants breached the contract in repossessing the vehicle.

18    80.   Under paragraph 3(d) of the conditional sales contract entered into

19  between Plaintiffs and Chase, Defendants were obligated to conduct any repossession

20  "peacefully" and if the law allows such repossession.  Defendants' repossession of

21  Plaintiffs' vehicle and property was not conducted in a peaceful manner, nor in

22  compliance with the applicable laws.  Without limitation, Defendants illegally broke

23  into Plaintiffs private locked garage in their repossession of Plaintiffs' vehicle.

24  Defendants conduct breached the contract and proximately caused Plaintiffs to suffer

25  significant damages.

26    81.   Under paragraph 3(e) of the conditional sales contract entered into

27  between Plaintiffs and Chase, Defendants were obligated to turn over the vehicle to

28  Plaintiffs upon Plaintiffs payment of the requisite amount to redeem the vehicle or

**CLASS ACTION COMPLAINT**

reinstate the contract. Moreover, Defendants were obligated to provide Plaintiffs with all of the notices required by law regarding the repossession, redemption or reinstatement of the contract for, Plaintiffs' vehicle.  Defendants did not release the vehicle to Plaintiffs upon payment of all amounts demanded and Defendants did not provide or timely provide all of the notices required by law.  Such conduct breached the contract and proximately caused Plaintiffs to suffer damages.

82.    Defendants' conduct alleged herein constitutes an express and/or implied breach of the contract.

83.    As a result of Defendants' breach of contract, Plaintiffs have suffered substantial injury and damages and continuing irreparable harm in an amount to be determined according to proof.

84.    Plaintiffs seek recovery of Plaintiffs' attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to Civil Code § 2983.4, the contract, and Civil Code § 1717.

85.    Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to damages and punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

## THIRD CLAIM FOR RELIEF:    VIOLATIONS OF THE COLLATERAL RECOVERY ACT, CAL. BUS. & PROF. CODE §§ 7500, ET SEQ.
### (Plaintiffs Individual and Private Attorney General Claim As Against Defendants Key Auto And Does 1 To 10)

86.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

87.    Defendants are "repossession agencies" as defined in Business and Professions Code § 7500.2. in that they receive consideration for engaging in business or accepting employment to locate or recover collateral in this State.

**CLASS ACTION COMPLAINT**

88.   At the time of the repossession, Plaintiffs' vehicle contained personal property. Defendants did not timely provide Plaintiffs with an inventory of such property, as required by California Business and Professions Code § 7507.9, or a notice of seizure, as required by Business and Professions Code § 7507.10.

89.   As a proximate result of Defendants' violations of the Collateral Recovery Act, Plaintiffs have been damaged in amounts according to proof.

## FOURTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiffs' Individual Claim As Against All Defendants)

90.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91.   Defendant has intentionally inflicted emotional distress on Plaintiffs by the following conduct:

    a.   Wrongfully repossessing Plaintiffs' vehicle;

    b.   Breaking into Plaintiffs' premises/garage;

    c.   Using physical force to gain entry to Plaintiffs property;

    d.   Releasing Plaintiffs' dogs out of the garage in the process or as a result of Defendants' illegal, wrongful, and/or forceful entry into Plaintiffs' property/garage causing Plaintiffs to search for their pets for hours and days fearing that they had been lost forever;

    e.   Harassing Plaintiffs;

    f.   Wrongfully demanding that Plaintiff execute documents that were not required to be executed and then refusing to release property because Plaintiffs refused to execute the documents they legally had no obligation to sign;

    g.   Threatening Plaintiffs with physical and/or mental harm and/or anguish, as well as the continued loss of their property;

h.  Intentionally or recklessly causing damage to Plaintiffs' vehicle; and

i.  Other wrongful conduct related to and arising out of Defendants' wrongful repossession of Plaintiffs' vehicle and Defendants' conduct thereafter.

92.  Defendant intended to cause and did cause to Plaintiffs emotional distress by and as a result of Defendants' outrageous conduct.

93.  Alternatively, Defendant acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

94.  Defendants' wrongful conduct was a substantial factor in Plaintiffs' injury, harm, damages, and irreparable harm.

95.  Defendants' wrongful, intentional and outrageous conduct caused and is, and with a high degree of likelihood will continue to, cause Plaintiff to suffer serious emotional distress, including without limitation anxiety, worry, mental and emotional distress, loss of sleep, severe headaches, increased seizures, humiliation and embarrassment.

96.  Plaintiffs are entitled to recover damages pursuant to, without limitation, Cal. Com. Code §9625.

97.  Plaintiffs are thus entitled to recover damages as a result of Defendants' conduct.

98.  As a result of the intentional nature of Defendants' conduct Plaintiffs are entitled to punitive damages.

**FIFTH CLAIM FOR RELIEF:    NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Plaintiffs' Individual Claim As Against All Defendants)**

99.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

100. Defendants acted negligently breaching their duties owed to Plaintiffs

**CLASS ACTION COMPLAINT**

thereby causing harm and damages to Plaintiffs.

101. Defendant has intentionally and/or negligently inflicted emotional distress on Plaintiffs by the following conduct:

    a.  Wrongfully repossessing Plaintiffs' vehicle;

    b.  Breaking into Plaintiffs' premises/garage;

    c.  Using physical force to gain entry to Plaintiffs property;

    d.  Releasing Plaintiffs' dogs out of the garage in the process or as a result of Defendants' illegal, wrongful, and/or forceful entry into Plaintiffs' property/garage causing Plaintiffs to search for their pets for hours and days fearing that they had been lost forever;

    e.  Harassing Plaintiffs;

    f.  Wrongfully demanding that Plaintiff execute documents that were not required to be executed and then refusing to release property because Plaintiffs refused to execute the documents they legally had no obligation to sign;

    g.  Threatening Plaintiffs with physical and/or mental harm and/or anguish, as well as the continued loss of their property;

    h.  Intentionally or recklessly causing damage to Plaintiffs' vehicle; and

    i.  Other wrongful conduct related to and arising out of Defendants' wrongful repossession of Plaintiffs' vehicle and Defendants' conduct thereafter.

102. Defendant intended to cause and did cause to Plaintiff emotional distress by and as a result of Defendants' outrageous conduct.

103. Alternatively, Defendant acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

104. Indeed Defendants owed Plaintiffs a duty not to engage in the wrongful conduct alleged as well as a duty to act in accordance with the rules, regulations, and laws applicable to collections, repossessions, the debtor-creditor relationship, and/or

1 | auto financing, among other things.  Defendants breached such duty(s).

2 |      105.  Defendants' wrongful conduct was a substantial factor in Plaintiffs'
3 | injury, harm, damages, and irreparable harm.

4 |      106.  Defendants' wrongful and outrageous conduct caused and is, and with a
5 | high degree of likelihood will continue to, cause Plaintiffs to suffer serious emotional
6 | distress, including without limitation anxiety, worry, mental and emotional distress,
7 | loss of sleep, severe headaches, increased seizures, humiliation and embarrassment.

8 |      107.  Plaintiffs are entitled to recover damages pursuant to, without limitation,
9 | Cal. Com. Code §9625.

10 |      108. Plaintiff is entitled to recover damages as a result of Defendants'
11 | conduct in an amount according to proof.

12 |

13 | **SIXTH CLAIM FOR RELIEF:**

14 | **SEVENTH CLAIM FOR RELIEF:        ASSAULT**

15 | **(Plaintiffs Individual Claim As Against Defendants Key Auto And Does 1 To 10)**

16 |      109.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs
17 | as though fully set forth herein.

18 |      110.  Defendants intended to cause and did cause Plaintiffs to suffer
19 | apprehension of an immediate harmful contact.

20 |      111.  Among other conduct, without limitation, Defendants directly threatened
21 | Plaintiffs with physical, mental, and other harm.  During one example of Defendants'
22 | wrongful conduct, Plaintiffs were threatened by Defendants and verbally assaulted in
23 | a threatening fashion yelling, "I am glad you will never get any of your f***ing stuff
24 | back.  F**k You."

25 |      112.  Plaintiffs are entitled to recover damages pursuant to, without limitation,
26 | Cal. Com. Code §9625.

27 |      113.  As a proximate result of Defendants' conduct, Plaintiffs have suffered
28 | damages in an amount to be determined according to proof.

114. Defendants acted with oppression, fraud or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof. Defendants' corporate officers, directors and/or managing agents, including the person identified as Marion and the Doe Defendants, are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

## EIGHTH CLAIM FOR RELIEF:  VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) - 15 U.S.C. §§ 1692 et seq. (Plaintiffs Individual Action and Class Action (Class I and Class III) As Against Defendants Key Auto And Does 1 To 10)

115.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.  Plaintiffs are "consumers" who allegedly owed a "debt", and Defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

117. Defendant violated 15 U.S.C. § 1692 et seq. by engaging in the following conduct without limitation:

    a. Breaching the peace relative to the repossession of Plaintiffs' vehicle and conduct thereafter (FDCPA §1692 et seq. and §1692d, f); and/or

    b. Repossessing Plaintiffs vehicle when Defendants had no right to repossess the vehicle because Plaintiffs had made sufficient payments regarding the loan (FDCPA §1692 et seq. and §1692d, f); and/or

    c. Repossessing Plaintiffs vehicle when Defendants had no right to repossess the vehicle because they breached the peace by among other

wrongful acts, breaking and entering into Plaintiffs' property in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d) (FDCPA §1692 et seq. and §1692d, f); and/or

d. Breaking and entering into Plaintiffs property/garage to repossess the vehicle (FDCPA §1692 et seq. and §1692d(1), f; and/or

e. Threatening Plaintiffs in conjunction with the collections process related to Plaintiffs' vehicle (FDCPA §1692 et seq. and §1692d(2), f); and/or

f. Using obscene and/or profane language in conjunction with the collections process related to Plaintiffs' vehicle (FDCPA §1692 et seq. and §1692d(2), f); and/or

g. Falsely representing or implying that Plaintiffs were required to sign or execute documents which Plaintiffs did not legally have to sign or execute in order to obtain the release of Plaintiffs' vehicle and/or property (FDCPA §1692 et seq. and §1692e); and/or

h. Requiring Plaintiffs to sign a document Plaintiffs had no legal obligation to sign in order to obtain the release of Plaintiffs' vehicle and/or property (FDCPA §1692 et seq. and §1692f); and/or

i. Refusing to release Plaintiffs vehicle/property to Plaintiffs because Plaintiff would not sign such document (FDCPA §1692 et seq. and §1692f); and/or

j. Refusing to release Plaintiffs vehicle after Plaintiffs had paid all demanded amounts necessary to obtain the release/turnover of the vehicle/property (FDCPA §1692 et seq. and §1692f); and/or

k. Intentionally or recklessly causing damage to Plaintiffs' vehicle.

118. Defendants violated 15 U.S.C. § 1692f in that their actions were an unfair and/or unconscionable means to collect a debt.

119. Plaintiffs entitled to any actual damages sustained by them as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

120. Plaintiffs, each individually, are also entitled to $1,000 in statutory damages per defendant pursuant to 15 U.S.C. § 1692k.

121. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

122. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally, willfully, knowingly, and/or with reckless disregard for the effect, damages, or legal violations of such acts. The nature of Defendants' violations justifies the maximum statutory damages award available.

123. Plaintiff seeks treble damages pursuant to Code of Civil Procedure § 1029.8.

124. Defendants' misconduct has caused Plaintiff to suffer damages including without limitation, monetary damages, non-monetary damages, and severe emotional distress such as anxiety, worry, mental and emotional distress, loss of sleep, severe headaches, increased seizures, humiliation and embarrassment.

125. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and reasonable attorney's fees.

126. Moreover, said Defendants' misconduct was willful, malicious and outrageous and therefore, punitive damages are warranted.

127. Defendants violated the FDCPA as to the members of Class I and Class III as a result of a pattern and practice of falsely representing or implying that the class members were required to sign or execute documents which the class did not legally have to signor execute in order to obtain the release of the class members vehicle and/or property.  (§1692 et seq. and §1692e.)

128. Defendants further violated the FDCPA as to the class members in requiring those such types of documents to be signed by class members and refusing

1  to release class member vehicles and/or property when the class members failed to do

2  so.  (§1692 et seq.)

3      129.  Defendants' wrongful conduct as to the class members included

4        a.  Falsely representing or implying that Plaintiffs and class members were

5        required to sign or execute documents which Plaintiffs and class

6        members did not legally have to sign or execute in order to obtain the

7        release of Plaintiffs' and class members' vehicles and/or property

8        (FDCPA §1692 et seq. and §1692e); and/or

9        b.  Requiring Plaintiffs and class members to sign documents Plaintiffs and

10       class members had no legal obligation to sign in order to obtain the

11       release of Plaintiffs' vehicle and/or property (FDCPA §1692 et seq. and

12       §1692f);; and/or

13       c.  Refusing to release Plaintiffs and class members' vehicles to Plaintiffs

14       because Plaintiffs or class members would not sign such documents

15       (FDCPA §1692 et seq. and §1692f); and/or

16       d.  Refusing to release or turn over Plaintiffs' and class members' vehicles

17       and/or property when all monies/funds required to obtain the

18       release/turnover of such vehicle/property had been paid (FDCPA §1692

19       et seq. and §1692f).

20     130.  Plaintiffs and the class are entitled to any actual damages sustained by

21 them as a result of defendants' conduct, in an amount according to proof, pursuant to

22 15 U.S.C. § 1692k.

23     131.   Plaintiffs and the class are entitled to statutory damages of $500,000 or

24 1% of the net worth of Defendants, whichever is less, pursuant to 15 U.S.C. § 1692k.

25     132.  Plaintiffs, each individually, are also entitled to $1,000 in statutory

26 damages per defendant pursuant to 15 U.S.C. § 1692k.

27     133.  Plaintiffs are entitled to the costs of the action, together with a

28 reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

134.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally, willfully, knowingly, and/or with reckless disregard for the effect, damages, or legal violations of such acts. The nature of Defendants' violations justifies the maximum statutory damages award available.

135.  Plaintiff seeks treble damages pursuant to Code of Civil Procedure § 1029.8.

136.  Defendants' misconduct has caused Plaintiff to suffer damages including without limitation, monetary damages, non-monetary damages, and severe emotional distress such as anxiety, worry, mental and emotional distress, loss of sleep, severe headaches, increased seizures, humiliation and embarrassment.

137.  As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and reasonable attorney's fees.

138.  Moreover, said Defendants' misconduct was willful, malicious and outrageous and therefore, punitive damages are warranted.

**NINTH CLAIM FOR RELIEF:    VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT - California Civil Code § 1788 et seq. (Individual Action and Class Action (Class II and Class III) As Against Defendants Chase and Does 1 to 10)**

139.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

140.  Plaintiffs are "debtors" within the meaning of Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("Rosenthal Act") and more specifically Civil Code § 1788.2(h) in that Plaintiffs are natural persons from whom Defendants sought to collect a "consumer debt" (i.e., money, property or their

1    equivalent) alleged to be due and owing.

2        141.   Defendants at all times relevant herein were and are "debt collectors"

3    within the meaning of Civil Code § 1788.2(c), in that they regularly and in the

4    ordinary course of business, on behalf of themselves or others, engage in acts and

5    practices in connection with the collection of "consumer debt."

6        142.   The purported debt Defendants attempted to collect from Plaintiffs is a

7    "consumer debt" within the meaning of Civil Code § 1788.2(f).

8        143.   Defendants engaged in acts or practices in connection with the collection

9    of money, property or their equivalent which was alleged to be due and owing to

10   Defendants, by reason of a consumer credit transaction entered into with Plaintiffs.

11       144.   Defendants violated the Rosenthal Act (Cal. Civ. Code 1788 et seq.), and

12   so too violated the FDCPA thus violating the Rosenthal Act, by engaging in the

13   following conduct:

14           a.  Breaching the peace relative to the repossession of Plaintiffs' vehicle

15               and conduct thereafter (Cal. Civ. Code §1788 et seq., § 1788.10(a);

16               FDCPA §1692 et seq. and §1692d, f); and/or

17           b.  Repossessing Plaintiffs vehicle when Defendants had no right to

18               repossess the vehicle because Plaintiffs had made sufficient payments

19               regarding the loan (FDCPA §1692 et seq. and §1692d, f); and/or

20           c.  Repossessing Plaintiffs vehicle when Defendants had no right to

21               repossess the vehicle because they breached the peace by among other

22               wrongful acts, breaking and entering into Plaintiffs' property in violation

23               of California Commercial Code § 9609 and the Collateral Recovery Act,

24               Bus. & Prof. Code § 7508.2(d) (Cal. Civ. Code §1788 et seq.,

25               §1788.10(a) and §1788.17; FDCPA §1692 et seq. and §1692d, f); and/or

26           d.  Breaking and entering into Plaintiffs property/garage to repossess the

27               vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA

28               §1692 et seq. and §1692d(1), f; and/or

**CLASS ACTION COMPLAINT**

e. Demanding and taking payments from Plaintiffs subsequent to the wrongful repossession—because the repossession was wrongful and carried out in breach of the peace, Defendants had no right to demand or accept payments on the debt; and/or

f. Threatening Plaintiffs in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

g. Using obscene and/or profane language in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.11(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

h. Falsely representing or implying that Plaintiffs were required to sign or execute documents which Plaintiffs did not legally have to sign or execute in order to obtain the release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692e); and/or

i. Requiring Plaintiffs to sign a document Plaintiffs had no legal obligation to sign in order to obtain the release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

j. Refusing to release Plaintiffs vehicle/property to Plaintiffs because Plaintiff would not sign such document (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

k. Refusing to release Plaintiffs vehicle after Plaintiffs had paid all demanded amounts necessary to obtain the release/turnover of the vehicle/property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

l. Intentionally or recklessly causing damage to Plaintiffs' vehicle; and/or

m. Defendants violated 15 U.S.C. § 1692f in that their actions were an unfair and/or unconscionable means to collect a debt (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f).

145.  Defendants violated the provisions of Civil Code § 1788.10(a) by using, or threatening the use, of physical force, violence or criminal means to cause harm to the person, or the reputation or the property of a person.

146.  Defendants violated the provisions of 15 U.S.C. § 1692d, incorporated through Civil Code § 1788.17, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendants used or threatened the use of violence or other criminal means to harm the physical person, reputation, or property of any person, in violation of 15 U.S.C. § 1692d(1). Defendants used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of 15 U.S.C. § 1692d(2).

147.  Defendants violated the provisions of 15 U.S.C. § 1692e, incorporated through Civil Code § 1788.17, by using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendants falsely representing or implying that Plaintiffs were required to sign or execute documents which Plaintiffs did not legally have to sign or execute in order to obtain the release of Plaintiffs' vehicle and/or property.

148.  Defendants violated the provisions of 15 U.S.C. § 1692f(6)(A), incorporated through Civil Code § 1788.17, by taking any nonjudicial action to effect dispossession or disablement of property (plaintiff's car) when there was no present right to possession of the property. Under California Commercial Code § 9609(b), California's self-help repossession statute, a nonjudicial repossession may not be accomplished in breach of the peace. A breach of the peace eliminates any right to possession of collateral without judicial process, even if there is a default under the security agreement. Defendants committed a breach of the peace in conjunction with

Defendants' repossession of Plaintiffs' vehicle by using physical force and breaking and entering, or otherwise entering without permission, Plaintiffs' private, secured, locked premises/garage to gain possession of the vehicle. Defendants therefore did not have a present right to possession of Plaintiffs' vehicle when they repossessed it.

149. As a proximate result of Defendants' violations of the Rosenthal Act, Plaintiffs have been damaged in amounts that are subject to proof.

150. Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

151. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative. Civil Code § 1788.30(b).

152. Plaintiffs are entitled to recover their attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

153. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

154. Plaintiffs and the class members of Class II and Class III are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom Defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

CLASS ACTION COMPLAINT

155.   Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

156.   Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading misrepresentations or omissions and Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt and/or in or related to Defendants' collections process.

157.  Defendants' wrongful conduct as to the class members included

    a.  Falsely representing or implying that Plaintiffs and class members were required to sign or execute documents which Plaintiffs and class members did not legally have to sign or execute in order to obtain the release of Plaintiffs' and class members' vehicles and/or property  (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692e); and/or

    b.  Requiring Plaintiffs and class members to sign documents Plaintiffs and class members had no legal obligation to sign in order to obtain the release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f);; and/or

    c.  Refusing to release Plaintiffs and class members' vehicles to Plaintiffs because Plaintiffs or class members would not sign such documents (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

    d.  Refusing to release or turn over Plaintiffs' and class members' vehicles and/or property when all monies/funds required to obtain the release/turnover of such vehicle/property had been paid (Cal. Civ. Code

**CLASS ACTION COMPLAINT**

1  §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f);

2      e.  Demanding and taking payments from Plaintiffs subsequent to the

3         wrongful repossession—because the repossession was wrongful and

4         carried out in breach of the peace, Defendants had no right to demand or

5         accept payments on the debt.

6      158.  As a proximate result of Defendants' violations of the Rosenthal Act,

7  Plaintiffs and the class have been damaged in amounts which are subject to proof.

8  Plaintiffs and the class are entitled to recover their actual damages pursuant to Civil

9  Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the

10  alternative, Civil Code § 1788.30(a).

11      159.  Defendants' violations of the Rosenthal Act were willful and knowing.

12  Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant

13  to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and

14  Civil Code § 1788.30(b).

15      160.  Plaintiff and the class are entitled to statutory damages of $500,000 or

16  1% of the net worth of Defendants (each defendant), whichever is less, pursuant to

17  Civil Code § 1788.17 and 15 U.S.C. § 1692k. Defendants have frequently and

18  persistently failed to comply with the FDCPA, and have violated the FDCPA

19  intentionally. The nature of Defendants' violations justifies the maximum statutory

20  damages award available.

21      161.  Plaintiffs are entitled to recover Plaintiffs' attorney's fees and costs

22  pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. §

23  1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

24      162.  Plaintiffs seek treble damages pursuant to Code of Civil Procedure §

25  1029.8.

26      163.  Defendants' misconduct has caused Plaintiffs to suffer actual damages

27  including without limitation, severe emotional distress such as anxiety, worry, mental

28  and emotional distress, loss of sleep, severe headaches, increased seizures,

humiliation and embarrassment.

164. As a proximate result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to actual and statutory damages, reasonable attorneys' fees and costs and such other relief as the court may deem proper. Moreover, said Defendants' misconduct was willful, malicious and outrageous and therefore, punitive damages are warranted and demanded.

**TENTH CLAIM FOR RELIEF:    VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT - California Civil Code § 1788, et seq. (Plaintiffs' Individual Action and Class Action (Class I and Class III) As Against Defendants Key Auto and Does 1 to 10)**

165. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

166. Plaintiffs are "debtors" within the meaning of Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("Rosenthal Act") and more specifically Civil Code § 1788.2(h) in that Plaintiffs are natural persons from whom Defendants sought to collect a "consumer debt" (i.e., money, property or their equivalent) alleged to be due and owing.

167. Defendants at all times relevant herein were and are "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt."

168. The purported debt Defendants attempted to collect from Plaintiffs is a "consumer debt" within the meaning of Civil Code § 1788.2(f).

169. Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and owing to Defendants, by reason of a consumer credit transaction entered into with Plaintiffs.

170. Defendants violated the Rosenthal Act (Cal. Civ. Code 1788 et seq.), and

so too violated the FDCPA thus violating the Rosenthal Act, by engaging in the following conduct:

    a. Breaching the peace relative to the repossession of Plaintiffs' vehicle and conduct thereafter (Cal. Civ. Code §1788 et seq., § 1788.10(a); FDCPA §1692 et seq. and §1692d, f); and/or

    b. Repossessing Plaintiffs vehicle when Defendants had no right to repossess the vehicle because Plaintiffs had made sufficient payments regarding the loan (FDCPA §1692 et seq. and §1692d, f); and/or

    c. Repossessing Plaintiffs vehicle when Defendants had no right to repossess the vehicle because they breached the peace by among other wrongful acts, breaking and entering into Plaintiffs' property in violation of California Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d) (Cal. Civ. Code §1788 et seq., §1788.10(a) and §1788.17; FDCPA §1692 et seq. and §1692d, f); and/or

    d. Breaking and entering into Plaintiffs property/garage to repossess the vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA §1692 et seq. and §1692d(1), f; and/or

    e. Threatening Plaintiffs in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

    f. Using obscene and/or profane language in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.11(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

    g. Falsely representing or implying that Plaintiffs were required to sign or execute documents which Plaintiffs did not legally have to sign or execute in order to obtain the release of Plaintiffs' vehicle and/or property  (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq.

**CLASS ACTION COMPLAINT**

and §1692e); and/or

h.  Requiring Plaintiffs to sign a document Plaintiffs had no legal obligation to sign in order to obtain the release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

i.  Refusing to release Plaintiffs vehicle/property to Plaintiffs because Plaintiff would not sign such document (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

j.  Refusing to release Plaintiffs vehicle after Plaintiffs had paid all demanded amounts necessary to obtain the release/turnover of the vehicle/property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

k.  Intentionally or recklessly causing damage to Plaintiffs' vehicle; and/or

l.  Defendants violated 15 U.S.C. § 1692f in that their actions were an unfair and/or unconscionable means to collect a debt (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f).

171.  Defendants violated the provisions of Civil Code § 1788.10(a) by using, or threatening the use, of physical force, violence or criminal means to cause harm to the person, or the reputation or the property of a person.

172.  Defendants violated the provisions of 15 U.S.C. § 1692d, incorporated through Civil Code § 1788.17, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendants used or threatened the use of violence or other criminal means to harm the physical person, reputation, or property of any person, in violation of 15 U.S.C. § 1692d(1). Defendants used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of 15 U.S.C. § 1692d(2).

173.  Defendants violated the provisions of 15 U.S.C. § 1692e, incorporated

1  through Civil Code § 1788.17, by using any false, deceptive, or misleading

2  representation or means in connection with the collection of any debt. Defendants

3  falsely representing or implying that Plaintiffs were required to sign or execute

4  documents which Plaintiffs did not legally have to sign or execute in order to obtain

5  the release of Plaintiffs' vehicle and/or property.

6       174. Defendants violated the provisions of 15 U.S.C. § 1692f(6)(A),

7  incorporated through Civil Code § 1788.17, by taking any nonjudicial action to effect

8  dispossession or disablement of property (plaintiff's car) when there was no present

9  right to possession of the property. Under California Commercial Code § 9609(b),

10  California's self-help repossession statute, a nonjudicial repossession may not be

11  accomplished in breach of the peace. A breach of the peace eliminates any right to

12  possession of collateral without judicial process, even if there is a default under the

13  security agreement. Defendants committed a breach of the peace in conjunction with

14  Defendants' repossession of Plaintiffs' vehicle by using physical force and breaking

15  and entering, or otherwise entering without permission, Plaintiffs' private, secured,

16  locked premises/garage to gain possession of the vehicle. Defendants therefore did

17  not have a present right to possession of Plaintiffs' vehicle when they repossessed it.

18       175. As a proximate result of Defendants' violations of the Rosenthal Act,

19  Plaintiffs have been damaged in amounts that are subject to proof.

20       176. Plaintiffs are entitled to recover their actual damages pursuant to Civil

21  Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the

22  alternative, Civil Code § 1788.30(a).

23       177.  Defendants' violations of the Rosenthal Act were willful and knowing.

24  Plaintiffs are entitled to recover statutory damages pursuant to Civil Code § 1788.17,

25  incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative. Civil

26  Code § 1788.30(b).

27       178. Plaintiffs are entitled to recover their attorney's fees and costs pursuant

28  to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in

the alternative, Civil Code § 1788.30(c).

179. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

180. Plaintiffs and the class members of Class I and Class III are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom Defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

181. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

182. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading misrepresentations or omissions and Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt and/or in or related to Defendants' collections process.

183. Defendants' wrongful conduct as to the class members included

   e. Falsely representing or implying that Plaintiffs and class members were required to sign or execute documents which Plaintiffs and class members did not legally have to sign or execute in order to obtain the release of Plaintiffs' and class members' vehicles and/or property  (Cal.

1      Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692e);

2      and/or

3      f.  Requiring Plaintiffs and class members to sign documents Plaintiffs and

4          class members had no legal obligation to sign in order to obtain the

5          release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et

6          seq., §1788.17; FDCPA §1692 et seq. and §1692f);; and/or

7      g.  Refusing to release Plaintiffs and class members' vehicles to Plaintiffs

8          because Plaintiffs or class members would not sign such documents

9          (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and

10         §1692f); and/or

11     h.  Refusing to release or turn over Plaintiffs' and class members' vehicles

12         and/or property when all monies/funds required to obtain the

13         release/turnover of such vehicle/property had been paid (Cal. Civ. Code

14         §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f).

15     184. As a proximate result of Defendants' violations of the Rosenthal Act,

16 Plaintiffs and the class have been damaged in amounts which are subject to proof.

17 Plaintiffs and the class are entitled to recover their actual damages pursuant to Civil

18 Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the

19 alternative, Civil Code § 1788.30(a).

20     185. Defendants' violations of the Rosenthal Act were willful and knowing.

21 Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant

22 to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and

23 Civil Code § 1788.30(b).

24     186. Plaintiff and the class are entitled to statutory damages of $500,000 or

25 1% of the net worth of Defendants (each defendant), whichever is less, pursuant to

26 Civil Code § 1788.17 and 15 U.S.C. § 1692k. Defendants have frequently and

27 persistently failed to comply with the FDCPA, and have violated the FDCPA

28 intentionally. The nature of Defendants' violations justifies the maximum statutory

**CLASS ACTION COMPLAINT**

1   damages award available.

2       187.  Plaintiffs are entitled to recover Plaintiffs' attorney's fees and costs

3   pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. §

4   1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

5       188.  Plaintiffs seek treble damages pursuant to Code of Civil Procedure §

6   1029.8.

7       189.  Defendants' misconduct has caused Plaintiffs to suffer actual damages

8   including without limitation, severe emotional distress such as anxiety, worry, mental

9   and emotional distress, loss of sleep, severe headaches, increased seizures,

10  humiliation and embarrassment.

11      190.  As a proximate result of Defendants' violations of the Rosenthal Act,

12  Plaintiff is entitled to actual and statutory damages, reasonable attorneys' fees and

13  costs and such other relief as the court may deem proper. Moreover, said Defendants'

14  misconduct was willful, malicious and outrageous and therefore, punitive damages

15  are warranted and demanded.

16

17  <u>**ELEVENTH CLAIM FOR RELIEF:**</u>    **VIOLATION OF CALIFORNIA**

18  **BUSINESS & PROFESSIONS CODE §§ 17200 et seq. ("UCL")**

19  **(Plaintiffs' Individual Action and Class Action (Class I, Class II, and Class III)**

20  **As Against All Defendants)**

21      191.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs

22  as though fully set forth herein.

23      192.  California Business & Professions Code §§ 17200 et seq., prohibits acts

24  of unfair competition, which means and includes any "unlawful, unfair, or fraudulent

25  business act or practice . . ." and conduct which is "likely to deceive" and is

26  "fraudulent" within the meaning of Section 17200.

27      193.  The "unlawful" prong of the UCL permits a plaintiff to obtain relief

28  from anything that can properly be called a business practice and is also forbidden by

1   law, regardless of whether the law violated provides for a private right of action.

2   194. The "unfair" prong of the UCL is intentionally broad to allow courts

3   maximum discretion to prohibit new schemes to defraud.  Outside of the competitor

4   context, lower courts have enunciated differing tests for unfairness under the UCL.

5   One test balances the victim's harm with the defendant's justification.  Another test

6   analyzes whether the defendant's acts offend a public policy that is tethered to some

7   statutory provision.  Yet another test considers whether the defendant's acts constitute

8   a sharp practice.

9   195. The "fraudulent" prong of the UCL looks at whether the relevant

10  segment of the public is likely to be deceived.

11  196. Among other wrongful conduct, including all of Defendants' conduct as

12  alleged above herein, Defendants' following specific conduct violates the UCL as

13  such conduct was and is unlawful, unfair, and/or fraudulent:

14      a. Wrongfully repossessing Plaintiffs' vehicle; and/or

15      b. Breaking into Plaintiffs' premises/garage; and/or

16      c. Using physical force to gain entry to Plaintiffs property; and/or

17      d. Releasing Plaintiffs' dogs out of the garage in the process or as a result

18         of Defendants' illegal, wrongful, and/or forceful entry into Plaintiffs'

19         property/garage causing Plaintiffs to search for their pets for hours and

20         days fearing that they had been lost forever; and/or

21      e. Harassing Plaintiffs; and/or

22      f. Demanding and taking payments from Plaintiffs subsequent to the

23         wrongful repossession—because the repossession was wrongful and

24         carried out in breach of the peace, Defendants had no right to demand or

25         accept payments on the debt;

26      g. Wrongfully demanding that Plaintiff execute documents that were not

27         required to be executed and then refusing to release property because

28         Plaintiffs refused to execute the documents they legally had no

obligation to sign; and/or

h.  Threatening Plaintiffs with physical and/or mental harm and/or anguish, as well as the continued loss of their property; and/or

i.  Breaching the peace relative to the repossession of Plaintiffs' vehicle and conduct thereafter (Cal. Civ. Code §1788 et seq., § 1788.10(a); FDCPA §1692 et seq. and §1692d, f); and/or

j.  Repossessing Plaintiffs vehicle when Defendants had no right to repossess the vehicle because they breached the peace by among other wrongful acts, breaking and entering into Plaintiffs' property in violation of California Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d) (Cal. Civ. Code §1788 et seq., §1788.10(a) and §1788.17; FDCPA §1692 et seq. and §1692d, f); and/or

k.  Breaking and entering into Plaintiffs property/garage to repossess the vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA §1692 et seq. and §1692d(1), f; and/or

l.  Threatening Plaintiffs in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.10(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

m. Using obscene and/or profane language in conjunction with the collections process related to Plaintiffs' vehicle (Cal. Civ. Code §1788 et seq., § 1788.11(a), §1788.17; FDCPA §1692 et seq. and §1692d(2), f); and/or

n.  Falsely representing or implying that Plaintiffs were required to sign or execute documents which Plaintiffs did not legally have to sign or execute in order to obtain the release of Plaintiffs' vehicle and/or property  (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692e); and/or

o.  Requiring Plaintiffs to sign a document Plaintiffs had no legal obligation

**CLASS ACTION COMPLAINT**

to sign in order to obtain the release of Plaintiffs' vehicle and/or property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

p. Refusing to release Plaintiffs vehicle/property to Plaintiffs because Plaintiff would not sign such document (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

q. Refusing to release Plaintiffs vehicle after Plaintiffs had paid all demanded amounts necessary to obtain the release/turnover of the vehicle/property (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

r. Intentionally or recklessly causing damage to Plaintiffs' vehicle; and/or

s. Defendants violated 15 U.S.C. § 1692f in that their actions were an unfair and/or unconscionable means to collect a debt (Cal. Civ. Code §1788 et seq., §1788.17; FDCPA §1692 et seq. and §1692f); and/or

t. Other wrongful conduct related to and arising out of Defendants' wrongful repossession of Plaintiffs' vehicle and Defendants' conduct thereafter.

197. California case law has interpreted the "unlawful" prong of Section 17200 to hold illegal a business practice that violates any other law. Conduct in violation of the laws and statutes, pleaded, alleged, and cited more specifically above in this complaint, including without limitation the Rosenthal Act, Federal Fair Debt Collection Practices Act, California Collateral Recovery Act, UCC and California Commercial Code, and the relevant consumer protections, credit reporting, and auto/vehicle/truck financing, repossession and related laws and statutes may be the basis for a private cause of action under the UCL.

198. Defendants have engaged in unlawful, unfair, and/or fraudulent business acts or practices in violation of the UCL, as alleged herein. By Defendants' conduct and practices alleged herein, Defendants have committed violations of the

**CLASS ACTION COMPLAINT**

1  aforementioned statutes and regulations, and is therefore in violation of the

2  "unlawful" prong of the UCL.

3       199.  California case law has interpreted the "unfair" prong of Section 17200

4  to allow the court to weigh the utility or justification for a defendant's conduct

5  against the harm caused to the victim and/or public.  Moreover, courts have also

6  interpreted the "unfair" prong to look to whether a defendant's conduct constitutes a

7  sharp practice or violates or is an affront to a public policy.

8       200.  Defendants' conduct and practices offend public policy and/or a public

9  policy including those related to safe, fair, legal, and appropriate repossession of

10  collateral and/or property and treatment of debtors regarding same as well as related

11  to the recovery, release, and/or turnover of same.

12       201.  Further, Defendants' conduct constitute a sharp practice in that

13  Defendants prey on consumers, clients, or those in the public needing a loan or

14  financing for their vehicle or property purchase and then fail to follow basic

15  repossession, consumer protection, and/or credit reporting related statutes and laws,

16  including without limitation breaching the peace in conjunction with the collections

17  process, making misrepresentations to debtors and other related persons relative to

18  the collections process, requiring documents to be signed, acknowledged, or executed

19  by the debtor/debtor representative when there is no legal obligation for the

20  debtor/representative to do so and/or no legal right to demand such

21  signature/acknowledgement, refusing to release vehicles without such unnecessary

22  signed document, refusing to release vehicles even when all amounts stated to be paid

23  have been paid, and engaging in any of the above listed conduct.

24       202.  California law interprets the "fraudulent" prong of Section 17200 to

25  mean that the Defendants' behavior is likely to deceive the public.  The conduct

26  alleged herein, including without limitation, the listed conduct above and conduct

27  described in the Statement of Facts and various claims, as well as the conduct of

28  misrepresenting that documents need to be signed or acknowledged to obtain the

**CLASS ACTION COMPLAINT**

release of property or vehicles, among other conduct, is fraudulent as contemplated by the UCL.  As more fully described and alleged above, Defendants' acts and practices are likely to deceive members of the public, and in fact, do deceive members of the public, constituting a fraudulent business act or practice.  This conduct is ongoing and continues to date.

203. Defendants engaged in wrongful and fraudulent conduct as set forth above, including the conduct alleged in the claims above.

204. Defendants' conduct as alleged throughout this Complaint above and in the statement of facts section, as well as based upon the claims alleged herein above, constitute violations of California Business and Professions Code §§ 17200 et seq.

205. Defendants' wrongful conduct has resulted in injury in fact to Plaintiffs as alleged above throughout this Complaint, including without limitation, emotional distress and the physical damages and manifestations therefrom, monetary damages, anxiety, increased seizures, and other stress and harm.

206. Plaintiffs alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws and regulations and other statutes and regulations as more fully set forth above and in the other claims and said predicate acts are per se violations of California Business & Professions Code §§ 17200 et seq.

207. Plaintiff alleges that Defendants' misconduct as alleged herein, gave, and has given Defendants an unfair competitive advantage over their competitors. The scheme implemented by Defendants is designed to defraud consumers and enrich Defendants.

208. The foregoing acts and practices have caused substantial harm to California consumers.

209. Plaintiff alleges that as a direct and proximate result of the aforementioned acts, Defendants have been unjustly enriched and should be required to disgorge any illicit profits and/or make restitution to Plaintiffs and other consumers

who have been harmed and/or be enjoined from continuing in such practices pursuant to California Business & Professions Code sections 17203 and 17204. Additionally, Plaintiffs are therefore entitled to injunctive relief preventing Defendants and their agents, representatives, officers, directors, and employees from engaging in such same or similar wrongful conduct as alleged herein, and reasonable attorney's fees as available under California Business & Professions Code sections 17200 and related sections.

210. Class members of Class I, Class II, and Class III also have suffered injury in fact and irreparable and continuing harm as a direct result of Defendants' conduct in violation of the UCL.

211. Defendants' wrongful conduct as to the class members included

a. Falsely representing or implying that Plaintiffs and class members were required to sign or execute documents which Plaintiffs and class members did not legally have to sign or execute in order to obtain the release of Plaintiffs' and class members' vehicles and/or property; and/or

b. Requiring Plaintiffs and class members to sign documents Plaintiffs and class members had no legal obligation to sign in order to obtain the release of Plaintiffs' vehicle and/or property; and/or

c. Refusing to release Plaintiffs and class members' vehicles to Plaintiffs because Plaintiffs or class members would not sign such documents and/or

d. Refusing to release or turn over Plaintiffs' and class members' vehicles and/or property when all monies/funds required to obtain the release/turnover of such vehicle/property had been paid.

212. Plaintiff alleges that as a direct and proximate result of the aforementioned acts, Defendants have been unjustly enriched and should be required to disgorge any illicit profits and/or make restitution to Plaintiffs and other consumers who have been harmed and/or be enjoined from continuing in such practices pursuant

**CLASS ACTION COMPLAINT**

to California Business & Professions Code sections 17203 and 17204. Additionally, Plaintiffs are therefore entitled to injunctive relief preventing Defendants and their agents, representatives, officers, directors, and employees from engaging in such same or similar wrongful conduct as alleged herein, and reasonable attorney's fees as available under California Business & Professions Code sections 17200 and related sections.

## <u>TWELFTH CLAIM FOR RELIEF:</u>       DECLARATORY JUDGMENT - 28 U.S.C. §§ 2201-2202

213.  Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

214. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant regarding the facts and issues and conduct as alleged herein.

215. Plaintiffs seek a declaration that Defendants wrongfully entered by means of force Plaintiffs' premises/garage related to the repossession or collections process regarding Plaintiffs' vehicle.

216. Plaintiffs seek a declaration that Defendants breached the peace related to the repossession or collections process regarding Plaintiffs' vehicle.

217. Plaintiffs seek a declaration that Defendants wrongfully required Plaintiffs to sign or acknowledge a document where there was no legal requirement to do so and then refused the release of Plaintiffs' vehicle based upon Plaintiffs' refusal to sign/acknowledge such document.

218. Plaintiffs seek a declaration that Defendants wrongfully refused to release Plaintiffs' vehicle even after Plaintiffs had paid all amounts Defendants asserted were due to obtain the release of such vehicle.

219.  Plaintiffs seeks a declaration that Defendants' above mentioned conduct constitutes a violation of the Federal Fair Debt Collections Practices Act.

220.  Plaintiffs seeks a declaration that Defendants' above mentioned conduct

1  constitutes a violation of the California Rosenthal Act.

2      221.  Plaintiffs seeks a declaration that Defendants' above mentioned conduct

3  constitutes a violation of the California Collateral Recovery Act.

4      222.  Plaintiff seeks a declaration that by engaging in the above described acts

5  and/or practices as alleged herein, Defendant has violated several California laws and

6  regulations and said predicate acts are per se violations of California Business &

7  Professions Code §§ 17200 et seq.

8

9  **PRAYER FOR RELIEF**

10      WHEREFORE, based upon the above facts, allegations, and Defendants'

11  wrongful conduct, Plaintiff now prays for:

12      As to Plaintiffs individually:

13      a.  A declaration that Defendants wrongfully entered by means of force

14  Plaintiffs' premises/garage related to the repossession or collections

15  process regarding Plaintiffs' vehicle.

16      b.  A declaration that Defendants breached the peace related to the

17  repossession or collections process regarding Plaintiffs' vehicle.

18      c.  A declaration that Defendants wrongfully required Plaintiffs to sign or

19  acknowledge a document where there was no legal requirement to do so

20  and then refused the release of Plaintiffs' vehicle based upon Plaintiffs'

21  refusal to sign/acknowledge such document.

22      d.  A declaration that Defendants wrongfully refused to release Plaintiffs'

23  vehicle even after Plaintiffs had paid all amounts Defendants asserted

24  were due to obtain the release of such vehicle.

25      e.  A declaration that Defendants' conduct constitutes a violation of the

26  Federal Fair Debt Collections Practices Act.

27      f.  A declaration that Defendants' conduct constitutes a violation of the

28  California Rosenthal Act.

g.  A declaration that Defendants' conduct constitutes a violation of the California Collateral Recovery Act.

h.  A declaration that by engaging in the described acts and/or practices alleged herein, Defendants have violated several California laws and regulations and said predicate acts are per se violations of California Business & Professions Code §§ 17200 et seq.

As to Plaintiffs individually and the class members:

a.  Actual, special, general, and compensatory damages as allowed and/or permitted by law, statute, and/or this court, according to proof;

b.  Pursuant to California Business and Professions Code section 17203, that Defendant, its successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of section 17200, including but not limited to, the violations alleged herein and that they be ordered to disgorge any and all illicit profits and restitution to Plaintiffs and other consumers who may have been harmed;

c.  Civil penalties pursuant to, and specifically allowed by law, statute, and/or the Court as according to proof;

d.  Restitution and/or injunctive relief pursuant to, and specifically allowed by law, statute, and/or the Court;

e.  An award of damages for each claim in an amount to be proven at trial;

f.   An award of the maximum amount of statutory damages for each violation of each section of each statute for each claim if, and as, allowed by the applicable statutes pleaded;

g.   An award of punitive damages for each claim if, and to the extent, law, statute, equity, contract , or this Court permits such punitive damages;

h.  An award of attorney's fees, costs, expenses, and disbursements for each

**CLASS ACTION COMPLAINT**

claim if, and to the extent, allowed by law, statute, equity, contract , or this Court;

i.   such other relief as this court may deem just fair and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and triable issues.

Dated: August 14, 2015

**DORROS LAW**

*Torin A. Dorros*

_____

Torin A. Dorros
*Attorneys for Plaintiffs*

**CLASS ACTION COMPLAINT**