**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTLYN MCKAY, RONALD E. ROGERS, JR., and CANDACE HOLLINGER-ROGERS, each individually and each upon behalf of those similarly situated,<br><br>          Plaintiffs,<br>**vs.**<br><br> JPMORGAN CHASE BANK, N.A., CHASE AUTO FINANCE, KEY AUTO RECOVERY, and DOES 1 through 10,<br><br>          Defendants. | Case No. 2:15-cv-06256-CBM-AJWx<br><br>**ORDER** |

     The matters before the Court are Defendant JPMorgan Chase Bank, N.A.'s ("Chase's") Motion to Compel Arbitration and Stay Action (the "Motion)  (Dkt. No. 19) and Defendant Key Auto Recovery's ("Key Auto's") Joinder in the Motion (Dkt. No. 24).

### I.     FACTUAL AND PROCEDURAL BACKGROUND

     This action arises from the alleged repossession of Plaintiffs Christlyn

McKay ("McKay"), Ronald Rogers ("Rogers"), and Candace Hollinger-Rogers' ("Hollinger-Rogers's") (collectively, "Plaintiffs'") vehicle.  The Complaint asserts the following eleven causes of action:  (1) Conversion against all defendants;[1] (2) Breach of Contract against Chase; (3) violations of the Collateral Recovery Act, Cal. Bus. & Prof. Code §§ 7500 *et seq.* against Key Auto;[2] (4) intentional infliction of emotional distress against all defendants; (5) negligence and negligent infliction of emotional distress against all defendants; (6) assault against Key Auto; (7) violation of federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* against Key Auto; (8) violation of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* against Chase and Chase Auto; (9) violation of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* against Key Auto; (10) violation of California Bus. & Prof. Code §§ 17200 *et seq.* against all defendants; and (11) Declaratory Judgment, 28 U.S.C. §§ 2201-2202.  The seventh, eighth, ninth, and tenth causes of action are class claims.

Chase's Motion and Key Auto's Joinder seek to compel arbitration of Plaintiffs' claims on an individual, non-class basis pursuant to the contract entered into by McKay and Rogers in connection with their purchase of the vehicle.  The Motion and Joinder also seek to stay this action pending arbitration.

## II.    STATEMENT OF THE LAW

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate in a contract involving interstate commerce is "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  A party aggrieved by the refusal of another to arbitrate under a written arbitration agreement may petition any United States district court for an order directing that arbitration proceed in the manner provided for in the

---

[1] The named defendants are Chase, Chase Auto Finance ("Chase Auto"), and Key Auto Recovery (collectively, "Defendants").
[2] The third cause of action is an individual and "Private Attorney General" claim.

agreement.  *See* 9 U.S.C. § 4; *Volt Info. Servs., Inc. v. Bs. of Ts. of Leland Junior Univ.*, 489 U.S. 468, 474 (1989).  The Court's role under the FAA is limited to determining:  "(1) whether a valid agreement to arbitration exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted).  If the answers to these questions are yes, then the FAA mandates that district courts shall direct the parties to proceed to arbitration on those claims.  *Id*. The burden of proof that a claim is exempt from arbitration is on the party contesting the arbitration.  *Shearson/Am. Express, Inc. v. McMahon,* 482 U.S. 220, 227 (1987).

The Court must "interpret the contract by applying general state law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Wagner v. Stratton Oakmont, Inc*., 83 F.3d 1046, 1049 (9th Cir. 1996).  *See also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25 (1983) (explaining that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration).

Under California law, where an agreement to arbitrate is both procedurally and substantively unconscionable, it is unenforceable. *Armendariz v. Found. Health Psychcare Servs., Inc*., 24 Cal. 4th 83, 114 (2000).  Unconscionability refers to "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citations omitted).  "An evaluation of unconscionability is highly dependent on context." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015).  Procedural unconscionability focuses on "oppression" or "surprise" due to unequal bargaining power, whereas substantive unconscionability focuses on "overly harsh" or "one-sided" results. *Armendariz*, 24 Cal. 4th at 114.

1   If the court compels arbitration, it may stay the action until arbitration has

2   been completed in accordance with the terms of the arbitration agreement, or

3   dismiss the case if all of the alleged claims are subject to arbitration.  *See* 9 U.S.C.

4   § 3; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

5   ### III.   DISCUSSION

6   **A.   Arbitration Clause**

7   On November 29, 2011, Plaintiffs McKay and Rogers entered into a "Retail

8   Installment Sale Contract — Simple Finance Charge" (the "Contract") with CA

9   Superstores Valencia-KIA ("KIA") in connection with the purchase of a vehicle.

10   Chase's Vice President Ralph Konrath declares that the Contract was subsequently

11   assigned to Chase.[3]  (Konrath Decl. ¶¶ 4-5.)  The Contract contains an arbitration

12   clause wherein McKay and Rogers agreed that:

13   Any claim or dispute, whether in contract, tort, statute or otherwise

14   (including the interpretation and scope of this Arbitration Clause, and the
arbitration of the claim or dispute), between you and us or our employees,

15   agents, successors or assigns, which arises out of or related to your credit
application, purchase or condition of this vehicle, this contract or any

16   resulting transaction or relationship (including any such relationship with

17   third parties who do not sign this contract) shall, at your or our election, be
resolved by neutral, binding arbitration and not by a court action.

18

19   (*Id.* Ex. A (hereinafter "Arbitration Clause").)

20   Plaintiffs argue in their Opposition that the Motion should be denied

21   because the Contract "is not the final contract applicable to Plaintiffs'

22   purchase of the vehicle" at issue.  McKay and Rogers each declare that they

23   executed an amended contract and related documents, and that he/she

24   "cannot confirm that the [Contract] . . . is the correct contract."  (Rogers

25   _____

26   [3] The Contract shows that KIA assigned its interest in the Contract to "Chase
Custom."  (Konrath Decl., Ex. A.)  Plaintiffs do not argue that Chase cannot

27   enforce the Arbitration Clause because it was a nonsignatory to the Contract nor
dispute that Chase (as opposed to Chase Custom) was assigned KIA's interest in

28   the Contract.

Decl. ¶¶ 10-12; McKay Decl. ¶¶ 12-14.)  The Court ordered the parties to file copies of any amendments to the Contract, but no amendments were filed.  Plaintiffs acknowledged at the hearing, however, that the Contract submitted by Chase "appears to be the same agreement" that was executed by Plaintiffs.

Plaintiffs do not deny entering into the Contract, and cannot avoid arbitration based on unequivocal assertions of another operative agreement which has not been provided to the Court.[4]  *See Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992) (to create a genuine issue entitling a party seeking to avoid arbitration to a jury trial on the arbitrability question, an "unequivocal denial" that the agreement was made and some evidence to substantiate the denial is required); *Almacenes Fernandez, S. A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir. 1945) (same); *Harden v. Lanier Worldwide, Inc.*, 2007 WL 836719, at *2 (W.D. Wash. Mar. 15, 2007) (same).  The Court therefore finds that the Contract is the operative agreement between the parties.[5]

---

[4] 9 U.S.C. § 4 provides that "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."

[5] Chase argues that although Hollinger-Rogers is not a signatory to the Contract, she is bound by the Contract's arbitration clause under principles of equitable estoppel because her "repeated allegations that she made payments, used the vehicle and her assertion of a breach of contract claim predicated on the [Contract] establishes that she benefited from the [C]ontract."  "Nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles," including equitable estoppel.  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006).  Under the principle of equitable estoppel, "[a] nonsignatory may be held to an arbitration clause where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement."  *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir.

1   **B.**    **Whether the Federal Arbitration Act Applies**

2          Plaintiffs contend, but offer no evidence, that the FAA does not apply

3   because the Contract was entered into between California residents and a

4   California based company, the Contract was to be performed in California,

5   and the underlying transaction did not involve interstate commerce since.

6   The Arbitration Clause, however, expressly provides:  "Any arbitration

7   under this Arbitration Clause shall be governed by the Federal Arbitration

8   Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration."

9   Therefore, the Court construes the Contract according to its terms and finds

10   that the FAA applies.  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514

11   U.S. 52, 53-54 (1995) ("The FAA's central purpose is to ensure that private

12   agreements to arbitrate are enforced *according to their terms.*") (emphasis

13   added).

14          Plaintiffs argue the FAA is inapplicable because the Contract states

15   that California and federal law apply.  (*See* Contract, Section 6 ("Federal law

16   and California law apply to this contract.").)  Choice of law provisions in a

17   contract, however, "at most . . . create an ambiguity that must be construed

18   in favor of arbitration."  *Chiron*, 207 F.3d at 1130 (FAA applies despite

19   choice of law provision providing that the agreement should be construed

20   and interpreted according to the laws of the state of New Jersey) (citing

21   *Mastrobuono*, 514 U.S. at 62)).  Accordingly, the Contract's choice of law

22   provision does not preclude application of the FAA here.

23          Plaintiffs also contend that the FAA does not apply because Section 5

24

---

25   2009) (internal quotations and citations omitted).  Here, Hollinger-Rogers asserts a

26   contract claim based on Defendants' alleged breach of their obligations under the
Contract (Compl. ¶¶ 73-85), and may therefore be bound by the Contract's

27   Arbitration Clause.  *Cf. Comer*, 436 F.3d at 1102 (nonsignatory was not bound by

28   arbitration clause under equitable estoppel principles where he did not seek to
enforce the terms of the agreement by bringing the lawsuit).

of the Contract states:  "Used Car Buyers Guide.  The Information you see on the window form for this vehicle is part of this contract.  Information on the window form overrides any contrary provisions in the contract of sale." Plaintiffs argue, but fail to present evidence, that the window form contains language that "negates and/or overrides" the Arbitration Clause and "call[s] for California State law to exclusively apply."  While Plaintiffs offer no evidence of the actual contents of the Used Car Buyers Guide/window form, Chase filed an "exemplar" of the Used Car Buyers Guide which addresses warranty issues and does not contain dispute resolution provisions.  (Dkt. No. 36-2.)   Accordingly, there is no evidence demonstrating that the FAA does not apply based on the Used Car Buyers Guide/window form.

The Court therefore construes the Contract according to its terms and finds that the FAA applies.  *Mastrobuono*, 514 U.S. at 53-54.

**C.     Whether Key Auto Can Enforce the Arbitration Clause**

Plaintiffs oppose Key Auto's motion to compel arbitration because Key Auto is not a signatory to the Contract.

"[N]onsignatories can enforce arbitration agreements as third party beneficiaries."  *Comer*, 436 F.3d at 1101.  If, however, "the parties to the contract had no intention to benefit a third party, that third party has no rights under the contract."  *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993).  Here, the Arbitration Clause provides that "[a]ny claim or dispute . . . between you and us or our employees, ***agents***, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (***including any such relationship with third parties who do not sign this contract***) shall, at your or our election, be resolved by neutral, binding arbitration . . . ."  (Emphasis added.)

Plaintiffs' claims against Key Auto arise from its alleged repossession of Plaintiffs' vehicle as an "agent" of Chase based on Plaintiffs' alleged default on

payments for the vehicle.  (Comp. ¶¶ 1-5, 22-26.)  The Contract language reflects the parties' intention that Key Auto would be a third party beneficiary to the Contract as an agent of Chase.  The Court therefore finds that Key Auto is not precluded from enforcing the Arbitration Clause because it was not a signatory to the Contract.

**D.    Whether the Arbitration Clause Covers the Claims Asserted**

Plaintiffs argue that their claims are not covered by the Arbitration Clause because they arise out of Chase's agent (Key Auto's) alleged criminal conduct in forcibly breaking into Plaintiffs' locked garage and causing damage, physically and verbally threatening and assaulting Plaintiffs, and requiring Plaintiffs to execute an illegal document.

The Arbitration Clause encompasses "[a]ny claim or dispute, whether in contract, tort, statute or otherwise . . . which arises out of or related to your credit application, purchase or condition of this vehicle, this contract or ***any resulting transaction or relationship***."  (Emphasis added.)  This is not a criminal case, and Plaintiffs' claims against Defendants Chase and Key Auto arise out of the alleged repossession of Plaintiffs vehicle after Plaintiffs allegedly failed to make required payments under the Contract.  Accordingly, the Court finds that the Arbitration Clause encompasses the claims asserted here.

**E.    Waiver of Right To Demand Arbitration**

Plaintiffs contend that Chase waived its right to arbitrate Plaintiffs' claims because it never raised the issue of arbitration prior to this lawsuit, resulting in Plaintiffs incurring filing fees and costs to initiate this case.[6]  Plaintiffs also argue

---

[6] Whether Defendants waived the right to compel arbitration should be decided by this Court. *See Rose v. SMS.ac, Inc.*, 2011 WL 2292960, at *2 (S.D. Cal. June 8, 2011) ("Where a party opposing a motion to compel arbitration raises waiver as a defense to such motion, as is the case here, the issue of waiver of the right to arbitrate is a question properly determined by the court.") (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119-21 (9th Cir. 2008)).

that Key Auto waived its right to compel arbitration because it agreed to this Court's jurisdiction by filing an answer to the Complaint prior to joining in Chase's instant Motion.

To demonstrate that Defendants waived their right to arbitration, Plaintiffs must show that:  (1) Defendants had knowledge of their existing right to compel arbitration; (2) Defendants acted inconsistently with that existing right; and (3) Plaintiffs suffered prejudice from Defendants' delay in moving to compel arbitration.  *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002), *opinion amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002) (citation omitted).  All three conditions must be met to establish waiver.  *Hoffman Const. Co. v. Active Erectors,* 969 F.2d 796, 798-99 (9th Cir. 1992).  Plaintiffs bear a "heavy burden of proof" in showing these elements.  *Sovak*, 280 F.3d at 1270.

Although Plaintiffs submit evidence of pre-litigation correspondence wherein Chase never raised the issue of arbitration, such evidence does not demonstrate that Chase acted inconsistently with its right to compel arbitration. (*See* Dorros Decl. ¶¶ 4-23, Exs. A-G (pre-litigation correspondence re:  Plaintiffs' request for denial of compensation for alleged damage in connection with the repossession of their vehicle, and Chase's denial of Plaintiffs' request).) Additionally, Plaintiffs' payment of filing fees and costs to initiate this lawsuit does not establish prejudice.  *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 698 (9th Cir. 1986) (costs to initiate litigation did not demonstrate prejudice warranting a finding of waiver).

With respect to Key Auto, Plaintiffs provide no evidence it was aware of its right to compel arbitration under the Contract prior to Chase's Motion.  In addition, Key Auto did not act inconsistently with its right to compel arbitration by filing an answer to Plaintiffs' Complaint.  *Id.* ("[T]he bare fact that [a defendant] failed to raise [the agreement to arbitrate as] an affirmative defense [in the answer] is inadequate by itself to support a claim of waiver of arbitration.").

1  Plaintiffs also provide no evidence of prejudice as a result of any delay by Key

2  Auto in moving to compel arbitration.  *Id.*

3          Accordingly, the Court finds that Defendants Chase and Key Auto did not

4  waive their right to compel arbitration.

5  **F.      Whether the Arbitration Clause Is Valid**

6          **(1)      Mistake and/or Fraud**

7          Plaintiffs argue that the Contract is invalid because it was the result of

8  mistake and fraud since Plaintiffs did not intend to purchase a vehicle

9  needing immediate and significant repairs.[7]  Plaintiffs' arguments based on

10  mistake and fraudulent inducement challenge the Contract as a whole, and

11  cannot be the basis for the Court to decline enforcing the Arbitration Clause.

12  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010) ("a party's

13  challenge . . . to the contract as a whole, does not prevent a court from

14  enforcing a specific agreement to arbitrate"); *Prima Paint Corp. v. Flood &*

15  *Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) ("[A] federal court may

16  consider only issues relating to the making and performance of the

17  agreement to arbitrate" under the FAA, and cannot "consider claims of fraud

18  in the inducement of the contract generally.").

19          **(2)      Procedural Unconscionability**

20          Procedural unconscionability focuses on "surprise" or "oppression" as a

21  result of unequal bargaining power.  *Armendariz*, 24 Cal. 4th at 114.  The parties

22  dispute whether the Contract is procedurally unconscionable.[8]

23  _____

24  [7] Plaintiffs McKay and Rogers declare that they discovered problems after
   purchasing the vehicle that were not disclosed during the sales process, and had to
25  return the vehicle for repairs.  (McKay Decl. ¶¶ 11-13; Rogers Decl. ¶¶ 10-12.)

26  [8] While Plaintiffs McKay and Rogers each declare that they did not see the
   Arbitration Clause and it was never pointed out or explained to them (McKay
27  Decl. ¶¶ 15-16; Rogers Decl. ¶¶ 13-14), a car dealer is "under no obligation to
   highlight the arbitration clause of its [automobile sales] contract" with a consumer,
28  nor is "it required to specifically call that clause to [Plaintiff's] attention."

There is a degree of surprise is present because the Arbitration Clause is located on the reverse side of a long one-page document in small print and does not contain Plaintiffs' signature on the reverse side of the Contract.  *See Newton v. Am. Debt Servs., Inc.*, 549 F. App'x 692, 694 (9th Cir. 2013) (arbitration agreement involved element of surprise and was procedurally unconscionable in part because the arbitration provision was located on the reverse side of a one-page document in small print, and the customer was not required to sign or initial the reverse side of the contract) (citing *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir. 2003) ("Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms.")).  On the other hand, the front side of the Contract states:

> YOU AGREE TO THE TERMS OF THIS CONTRACT.  YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.  YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW, YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED IN COPY WHEN YOU SIGNED IT.

*See Reilly v. WM Fin. Servs. Inc.*, 95 F. App'x 851, 852 (9th Cir. 2004) (plaintiffs have the burden to produce specific facts showing that a triable issue of material fact exists as to whether they agreed to arbitrate where

---

*Sanchez*, 61 Cal. 4th at 914.  *See also Cox*, 533 F.3d at 1122 (the California Court of Appeal has noted that it was aware of no cases "that stand for the extreme proposition that a party who fails to read a contract but nonetheless objectively manifests his assent by signing it-absent fraud or knowledge by the other contracting party of the alleged mistake-may later rescind the agreement on the basis that he did not agree to its terms."); *Reilly*, 95 F. App'x at 852 ("Under California law, a party can be bound by an arbitration clause even if he failed to read or understand it.") (citations omitted).

1  plaintiffs sign an agreement acknowledging they have read and agree to the

2  arbitration provision).

3         With respect to oppression, Rogers and McKay each declare that the

4  Contract was in "preprinted form," and that he/she "had, and was provided, no

5  opportunity to negotiate, modify, or amend the preprinted terms." (McKay Decl. ¶

6  11; Rogers Decl. ¶ 9.) Defendants provide no evidence that Plaintiffs could have

7  opted out of or modified the Arbitration Clause. Accordingly, the Court finds that

8  there is some degree of procedural unconscionability because the Contract is an

9  oppressive contract of adhesion. *See Sanchez*, 61 Cal. 4th at 914 (adhesive nature

10  of the contract was sufficient to establish some degree of procedural

11  unconscionability where defendants did not contend plaintiff could have opted out

12  of the arbitration agreement or could have negotiated a sales contract without an

13  arbitration agreement); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003)

14  ("The procedural element of an unconscionable contract generally takes the form

15  of a contract of adhesion, which, imposed and drafted by the party of superior

16  bargaining strength, relegates to the subscribing party only the opportunity to

17  adhere to the contract or reject it.") (internal quotations and citations omitted);

18  *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1106 (9th Cir. 2003)

19  (procedural unconscionability based on oppression focuses on "an inequality of

20  bargaining power[that] results in no real negotiation and an absence of meaningful

21  choice").[9]

22  _____

23  [9] Defendants argue there was no "oppression" because Plaintiffs concede that the
   salesperson was a "family friend" and they successfully negotiated the price of the

24  vehicle. (McKay Decl. ¶¶ 4, 8-9; Rogers Decl. ¶¶ 6-7.) These facts alone, do not

25  establish that the Contract was not procedurally unconscionable. *See Sanchez*, 61
   Cal. 4th at 914 (finding that some element of adhesion and procedural

26  unconscionability despite the car dealer's contention that the consumer was able to

27  negotiate the price of the car, where the dealer failed to demonstrate that the
   consumer could have opted out of the arbitration agreement or negotiated a sales

28  contract without an arbitration agreement).

1           **(3)**     **Substantive Unconscionability**

2              **(i)**     **Access To Arbitration Appellate Process**

3        Plaintiffs argue that the Contract is substantively unconscionable because it

4 unduly restricts financially distressed purchasers' access to the arbitration

5 appellate process by providing that "[t]he arbitrator's award shall be final and

6 binding on all parties except that in the event the arbitrator's award for a party is

7 $0 or against a party is in excess of $100,000, or includes an award of injunctive

8 relief against a party, that party may request a new arbitration under the rules of

9 the arbitration organization by a three arbitrator panel."

10        This argument is foreclosed by *Sanchez*, wherein the California Supreme

11 Court found that an identical appeal threshold provision in an auto sales

12 agreement, which provided that arbitral awards of $0 or over $100,000, as well as

13 grants but not denials of injunctive relief, may be appealed to a panel of

14 arbitrators, was not substantively unconscionable.  61 Cal. 4th at 915-17.  The

15 court concluded that although "the car buyer is more likely than the seller to seek

16 injunctive relief, . . . the potentially far-reaching nature of an injunctive relief

17 remedy" is "sufficiently apparent . . . to justify the extra protection of additional

18 arbitral review." *Id*. at 917.  It also reasoned that although "[i]t may be reasonable

19 to assume that the ability to appeal a $0 award will favor the buyer, while the

20 ability to appeal a $100,000 or greater award will favor the seller, . . . nothing in

21 the record indicates that the latter provision is substantially more likely to be

22 invoked than the former." *Id*.  Accordingly, the court concluded that "[w]e cannot

23 say that the risks imposed on the parties are one-sided, much less unreasonably

24 so" as to the appeal threshold provision. *Id*.  Likewise, here, there is no evidence

25 demonstrating that an appeal for an arbitration award greater than $100,000 will

26 be more likely than an appeal for a $0 award.

27        Accordingly, the Court finds that the arbitration appeal threshold provision

28 of the parties' Contract is not substantively unconscionable.

1              **(ii)     Lack of Temporal Limitation on Demand for Arbitration**

2          Plaintiffs argue that the Arbitration Clause is substantively unconscionable

3   because it "unfairly provides no temporal limitation on the stronger party's ability

4   to demand arbitration."  Here, the parties entered into a mutual agreement to

5   arbitrate and either party may demand to proceed in arbitration at any time.  (*See*

6   Contract ("Any claim or dispute . . . between you and us or our employees, agents,

7   successors or assigns . . . shall, at your or our election, be resolved by neutral,

8   binding arbitration and not by a court action.").)  Accordingly, the lack of a

9   temporal limit on the right to compel arbitration is not so one-sided as to render

10  the Contract substantively unconscionable.  *Cf. Pokorny v. Quixtar, Inc.*, 601 F.3d

11  987, 999 (9th Cir. 2010) (finding that the arbitration agreement was substantively

12  unconscionable where the agreement placed stringent time limitations on

13  plaintiff's assertion of any claims against the defendant without placing any

14  similar limitations on the defendant's right to bring claims against the plaintiff).

15             **(iii)    Costs of Initial Arbitration and Arbitration Appeal**

16         Plaintiffs contend that the Contract is substantively unconscionable because

17  it prevents consumers from arbitrating their disputes by requiring financially

18  distressed purchasers to incur initial arbitration and arbitration appeal costs.

19         The Ninth Circuit has found arbitration agreements to be substantively

20  unconscionable in part based on evidence that plaintiffs would incur significantly

21  more costs in arbitration fees than if they were allowed to proceed in court.  *See*

22  *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) (arbitration

23  agreement was substantively unconscionable in part where the cost allocation

24  provision imposed a potentially prohibitive obstacle on the employee having her

25  claim heard where evidence demonstrated that employee's half for arbitrator fees

26  would be $3,500-$7,000 per day which "likely dwarfs the amount of [plaintiff's]

27  claims"); *Zaborowski v. MHN Gov't Servs., Inc.*, 601 F. App'x 461 (9th Cir. 2014)

28  *cert. granted*, 136 S. Ct. 27 (Oct. 1, 2015) (agreement substantively

unconscionable in part because $2,600 filing fee imposed by commercial arbitration rules hampers the employee much more than the employer).[10]  A party who "seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs."  *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000).

   **Initial Arbitration.**  Here, the Arbitration Clause provides that Chase will "advance [consumers'] filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion," but that "[e]ach party shall be responsible for its own attorney, expert and other fees" incurred in the arbitration "unless awarded by the arbitrator under applicable law."

   Plaintiffs filed a declaration with the Court attaching the American Arbitration Association's ("AAA's") rules,[11] which provide that:  (1) the consumer must pay a $200 arbitration filing fee "unless the parties' agreement provides that the consumer pay less"; (2) the business must pay for the arbitrator's fee at a rate of $1,500 per day per arbitrator; and (3) the business must pay for a $1,700 arbitration filing fee, a $500 arbitration hearing fee, and expenses for arbitration including but not limited to costs incurred by the arbitrator (e.g., travel) and witnesses.  (Dorros Decl. ¶ 10, Ex. 3.)  Plaintiffs would not be required to pay

---

[10] *See also Lau v. Mercedes-Benz USA, LLC*, 2012 WL 370557, at *9 (N.D. Cal. Jan. 31, 2012) (arbitration appellate provision in automobile purchase contract requiring the party appealing the arbitration award to pay for the filing fee and other arbitration costs was substantively unconscionable where evidence demonstrated that arbitration appeal costs would be greater than $10,000-15,000, and plaintiff only paid $350 to initiate the lawsuit in federal court).

[11] The Arbitration Clause lists the AAA and the National Arbitration Forum ("NAF") as arbitral forums Plaintiffs may choose without Chase's approval. Plaintiffs submit evidence that NAF no longer arbitrates consumer arbitrations. (Dorros Decl. ¶¶ 7, 11.)  The parties agreed at the hearing that the only arbitral forum that Plaintiffs may choose without Chase's approval is the AAA.

any arbitration fees for the initial arbitration under the AAA's rules because the Contract provides that Chase will advance Plaintiffs' filing fee up to a maximum of $2,500.

Accordingly, the Arbitration Clause is not substantively unconscionable as to any initial arbitration costs.  *See Sherman v. RMH, LLC*, 2014 WL 30318, at *7 (S.D. Cal. Jan. 2, 2014) (plaintiff failed to meet his burden of showing that the arbitration clause was substantively unconscionable where the arbitration clause provided that defendant would advance the purchaser's "filing, administration, service or case management fee and [purchaser's] arbitrator or hearing fee all up to a maximum of $2,500").[12]

**Arbitration Appeal.**  The Arbitration Clause provides that an arbitration appeal must be held before a three-arbitrator panel, and that "[t]he appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration cost subject to a final determination by the arbitrators of a fair apportionment of costs."  The Arbitration Clause also states:  "You may choose one of the following arbitration organization and its applicable rules," but "[i]f the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control."

The AAA's rules provide that the business is required to pay for all costs for a 3-arbitrator panel arbitration appeal other than the $200 filing fee to be paid by the consumer.  (Dorros Decl. ¶ 10, Ex. 3.)  The parties' Arbitration Clause, however, provides that "[t]he appealing party requesting new arbitration shall be

---

[12] Even if Plaintiffs were required to file the initial $200 arbitration filing fee, the fact that Plaintiffs paid for the $400 filing fee in this case without requesting a waiver would weigh against a finding of substantive unconscionability.  *See Loewen v. Lyft, Inc.*, 2015 WL 5440729, at *13 (N.D. Cal. Sept. 15, 2015) (substantive unconscionability was low even though Plaintiffs would be required to pay an arbitration filing fee where Plaintiff paid $400 filing fee for the court lawsuit without requesting a waiver and failed to explain why they could not pay the arbitration filing fee or request a fee waiver in arbitration).

responsible for the filing fee and other arbitration cost subject to a final determination by the arbitrators of a fair apportionment of costs." Since the AAA's rules conflict with the parties' Contract as to arbitration appeal costs, the Arbitration Clause controls.

In *Sanchez*, the California Supreme Court acknowledged that "a requirement that a consumer front any appellate filing fees or other arbitration costs," including the fee of three arbitrators for an appeal, "has the potential to deter the consumer from using the appeal process."  61 Cal. 4th at 920.  The court noted, however, that "given the Legislature's approach to the affordability of consumer arbitration, the provision cannot be held unconscionable absent a showing that appellate fees and costs ***in fact*** would be unaffordable or would have a substantial deterrent effect" in the plaintiff's case." *Id*. (emphasis added).  In analyzing what appears to be an arbitral appeal fee provision identical to the provision before this district court, the *Sanchez* court concluded that because its case concerned a high-end luxury vehicle, and the plaintiff did not claim and there was no evidence that the cost of fees were unaffordable to the plaintiff, the arbitral appeal fee provision was not substantively unconscionable.  *Id*. at 921.

Unlike in *Sanchez*, the case before this Court:  (1) involves a used vehicle, and (2) Plaintiffs offer evidence that the costs for an arbitral appeal would in fact be unaffordable and would deter Plaintiffs from pursuing an appeal.  Plaintiffs submit evidence that an arbitration appeal with the AAA would require Plaintiffs to initially pay $4,500 per day for the three arbitrator panel's fees, $500 per day for hearing fees, and $200 for the filing fee.[13] (Dorros Decl. ¶ 10, Ex. 3.)  Plaintiff McKay declares that she:  (1) is a single mother of six children whom she raises, feeds, and financially supports; (2) makes a gross salary of $81,000; (3) has a $2,400 mortgage, car payments, utilities and other "everyday expenses necessary

---

[13] Chase stated at the hearing, but presented no evidence, that it would pay for Plaintiffs' arbitration appeal fees, and the Arbitration Clause provides otherwise.

simply to live"; (4) would have no means of covering arbitration appeal expenses; and (5) would "simply forgo" an appeal because the arbitration appeal costs and expenses "are too great for [her] to afford."  (McKay Decl. ¶¶ 20-25.)  Plaintiff Rogers declares that he:  (1) had poor credit and made $10-15 per hour at the time he signed the Contract; (2) was looking to buy an inexpensive vehicle because he could not afford a car loan or financing plan that required more than a small monthly payment; (3) sought to buy a used car to find a vehicle within his price range; (4) had to ask McKay (his mother) to be a co-buyer for the used car he purchased because he would not have been able to afford or obtain financing for the car without her assistance; and (5) would not pursue an arbitration appeal because the costs and expense of appeal "are too great for [him] to afford." (Rogers Decl. ¶¶ 3-6, 18-20.)

The evidence before the Court therefore demonstrates that arbitral appeal costs in this case pursuant to the Arbitration Clause "in fact would be unaffordable or would have a substantial deterrent effect" in Plaintiffs' case.  *Sanchez*, 61 Cal. 4th at 920.  *See also Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921, 925-26 (9th Cir. 2013) (arbitration cost provisions substantively unconscionable where the upfront cost to the employee of approximately $3,500-7,000 a day for the employee's share of arbitrator fees "likely dwarfs the amount of [Plaintiff's] claims").[14]

---

[14] *See also Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 89-90 (Cal. Ct. App. 2003), *as modified on denial of reh'g* (Jan. 8, 2004) ("We conclude that where a consumer enters into an adhesive contract that mandates arbitration, it is unconscionable to condition that process on the consumer posting fees he or she cannot pay.  It is self-evident that such a provision is unduly harsh and one-sided, defeats the expectations of the nondrafting party, and shocks the conscience. . . . [I]t is substantively unconscionable to require a consumer to give up the right to utilize the judicial system, while imposing arbitral forum fees that are prohibitively high.  Whatever preference for arbitration might exist, it is not served by an adhesive agreement that effectively blocks every forum for the redress of disputes, including arbitration itself.") (internal citation omitted).  *Cf.*

1    Accordingly, the Court finds that the Contract's arbitral appeal fee

2    provision is substantively unconscionable.

3    **G.      Severability**[15]

4    If an unconscionable provision "can be extirpated from the contract by

5    means of severance or restriction, then such severance and restriction are

6    appropriate." *Armendariz*, 24 Cal. 4th at 124.  A court, on the other hand, "may,

7    in its discretion, refuse to enforce the contract as a whole if it is permeated by the

8    unconscionability." *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778,

9    787 (9th Cir. 2002) (affirming denial of petition to compel arbitration after finding

10   the unconscionable provisions permeated the arbitration agreement so that the

11   court was "unable to sever its offending provisions") (internal quotations and

12   citation omitted).  An agreement is permeated by unconscionability where it

13   "contains more than one unlawful provision . . ..  Such multiple defects indicate a

14   systematic effort to impose arbitration . . . not simply as an alternative to litigation,

15   but as an inferior forum that works to the [stronger party's] advantage."

16   *Armendariz*, 25 Cal. 4th at 124-25 (severability inappropriate where the lack of

17   mutuality permeated the agreement because there was "no single provision a court

18   can strike or restrict in order to remove the unconscionable taint from the

19   agreement") (citations omitted).

20   Here, the arbitral appeal fee provision is the sole substantively

21   unconscionable provision in the Arbitration Clause, and is easily capable of

22   severance.  *See CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d

23   1078, 1127 (C.D. Cal. 2015) (severing two objectionable provisions and finding

24

25   *Vargas v. SAI Monrovia B, Inc.*, 2015 WL 7301781, at *5 (Cal. Ct. App. Nov. 19,
     2015) (arbitration provision was not unconscionable, despite plaintiffs declaring

26   that they were not financially able to pay potential arbitration fees, where
     plaintiffs did not present declarations demonstrating their inability to pay by

27   showing probable fees and costs and their financial condition).

28   [15] The parties do not address severability.

the remainder of the agreement enforceable); *Martin v. Ricoh Americas Corp.*, 2009 WL 1578716, at \*6-7 (N.D. Cal. June 4, 2009) (finding both procedural and substantive unconscionability, but granting the motion to compel arbitration upon severing the single substantively unconscionable provision).

Accordingly, the Court severs the following language from the parties' Arbitration Clause:  "The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs."  Therefore, pursuant to the AAA's rules, Chase would be required to pay for all costs for a 3-arbitrator panel arbitration appeal other than the $200 filing fee to be paid by Plaintiffs.

*       *       *

For the reasons set forth above, the Court finds that the Arbitration Clause is procedurally and substantively unconscionable.  The Court, however, severs the arbitral appeal fee provision, and concludes that the remainder of the Arbitration Clause is enforceable.

## IV.   CONCLUSION

The Court **GRANTS** Defendants' Motion to Compel Arbitration and stays the proceedings pending completion of the arbitration.  9 U.S.C. § 3.

**IT IS SO ORDERED.**

DATED:  March 8, 2016.

_____
HON. CONSUELO MARSHALL
United States District Judge